JUDGE ROBERTSON
delivered the orenion oe the court.
Valentine Rich sold and conveyed to Noah Johnson a tract of land in Webster County, Kentucky — the deed reciting that a portion of the. consideration, without stating how much, remained unpaid — and two notes for about four hundred and sixty dollars, reserving a lien on the land. The appellant J. W. Phillips, assignee of these notes, deposited them with the- appellee E. Skinner for collection. Both Phillips and his agent Skinner believing that payment was secured by an available lien, a collection of the notes was deferred until Johnson became hopelessly insolvent. In the mean time E. Skinner, the agent, while still holding the notes for collection^having ascertained by consultation with counsel that there was no enforceable lien as against a bona fide purchaser, 'and concealing that fact from Phillips, bought the land, and had the title conveyed to his own son, the appellee W. A. Skinner.
Phillips then brought this suit for enforcing a lien still claimed by him, and for general relief. The petition charged the foregoing facts, and the fact also that through inadvertence or mistake the deed was so drawn as not to secure a lien, which was intended by the parties according to their contract.
The answer of the appellee E. Skinner did not deny the allegation as to the contract for a lien and the mistake in the deed; and the answer of the appellee W. A. Skinner virtually admitted it by only denying that a lien was reserved by the deed.
On a hearing on those pleadings, the circuit court properly decreed a sale of the land for paying the notes; but on a petition by E. Skinner alone for a rehearing, «on the allegation that his failure to deny the mistake was the fault of his counsel who drew his answer, and that if the case should be opened he would file an amended answer *664 (as he afterward did) denying the lien and the mistake, ■the rehearing was improvidently granted, and on the last hearing the appellant’s petition was dismissed.
On the original pleadings E. Skinner had no -interest in the land, nor could he have been affected by the decree for a sale of it. Sis petition for a rehearing ought not therefore to have been heeded; nor did it present any sufficient ground for a rehearing. He knew what his answer was before the hearing, and he did not even, take the affidavit of his attorney who drew the answer.
The order for a rehearing is therefore reversed, and the original judgment for the sale of the land is restored and affirmed.
But there is another ground for reversing the final decree dismissing the appellant’s petition. If E. Skinner had acted faithfully — instead of buying the land when he did, had undeceived his confiding, constituent as to the lien — there can be no doubt that the notes would have been collected while Johnson was solvent. If therefore the debt be lost, the loss will result from E. Skinner’s infidelity to Phillips and to his own fiducial relations and duties to his interests; and consequently E. Skinner is personally liable for-the amount of the uncollected, notes; and instead of dismissing the 'appellant’s petition the circuit court ought to have rendered the judgment against E. Skinner, just indicated.
Eor this reason also the judgment of dismission is reversed, and the cause remanded, with insti’uctions either to execute the decree for enforcing the lien or render a personal judgment against the appellee E. Skinner, as the circuit court may, under all the circumstances, deem most befitting and just to all parties.