CASE 98—PETITIONS EQUITY—FEBRUARY 9.

## Mouser v. Harmon, &c.
## Same v. Same.

APPEALS FROM MARION CIRCUIT COURT.

NEW TRIAL—ERRONEOUS ADVICE OF COUNSEL.—The fact that a defendant was erroneously advised by his attorney that he had no defense to an action, and that, acting upon that advice, he allowed judgment to be rendered against him by default, affords no ground for a new trial.

S. A. RUSSELL AND LAFE S. PENCE FOR APPELLANT.

The husband's homestead being derived while residing on the land with his wife in her life-time, it continues for his benefit after her death. (Ellis v. Wren, 90 Ky., 184; Stults v. Sale, 13 Ky. Law Rep., 337; Gay v. Hanks, 81 Ky., 552; Ellis v. Davis, 11 Ky. Law Rep., 893; 79 Ky., 521; 10 Ky. Law Rep., 957; 84 Ky., 14.)

H. W. RIVES FOR APPELLEES.

1. The original judgment being rendered by a court having jurisdiction of the subject-matter and the parties, is not void. (Derr v. Wilson, 84 Ky., 16.)

2. The only "accident or surprise" relied upon is the fact that appellant's attorney was not as learned in the law at the time the original judgment was rendered as he has since become, and that he then had a different opinion as to appellant's rights from the one he now holds. This is not sufficient ground for a new trial. (Freeman on Judgments, secs. 500, 500 a, 502.)

3. If the question of appellant's right to a homestead were before the court as an original proposition, a proper construction of the statute would deny the right claimed where the husband would not be entitled to curtesy. (Merrifield v. Merrifield's Assignee, 82 Ky., 535; Little's Guardian v. Woodward, 14 Bush, 588; Robertson v. Smithey, 80 Ky., 638; Gen. Stats., chap. 38, art. 13, secs. 14, 15; Gasaway v. Woods, 9 Bush, 72.)

The court is asked to review the ruling in Ellis v. Davis, 90 Ky., 183.

ROBERT HARDING on same side.

A judgment can not be vacated because of improper advice given by an attorney and accepted by the client. (Davis v. McCorkle, 14 Bush 751; Freeman on Judgments, sec. 112.)

JUDGE HAZELRIGG delivered the opinion of the court.

The appellant, Mouser, married Mary A. Overstreet, a widow, in October, 1891. The latter was the owner for life, and in her own right, of several small tracts of land in Marion county, upon which she and her husband lived until in January, 1892, when she died. The husband continued to live on the lands after his wife's death, until sometime in 1892, when, at the suit of the appellees, he surrendered the lands to them by reason of a judgment rendered against him to that effect in the Marion Circuit Court.

The petition of the appellees in that suit averred that the plaintiff, Lizzie, whose husband was her co-plaintiff, was the only child of Mary A. Overstreet, and was the owner and entitled to the immediate possession of the lands then wrongfully held by the defendant Mouser, the present appellant, and that Mouser, after the death of Mary A., his wife, remained on the lands and was still claiming some kind of right thereto, but that they did not know the extent of his claim, though they averred he had no valid claim whatever to the

possession, use or occupation of any of the lands; that he had refused to vacate the premises to the plaintiffs, though possession had often been demanded.

To this suit, Mouser, though duly summoned, made no answer, and a judgment to the effect that the plaintiffs were entitled to the immediate possession of the lands described was rendered in March, 1892, and a writ of possession ordered.

Mouser then surrendered the possession to the plaintiffs. On July 29th and 31st, 1893, he brought these suits, setting up in substance the facts we have recited, and averring that, notwithstanding the judgment in the former action against him, the petition and judgment in which he made part of his petitions, he was entitled to a homestead in the lands of his wife; that at and prior to her death he was a bona fide housekeeper with a family, residing on said land; that by accident and surprise, which prudence could not guard against, and by mistake of his attorney and of his own, he was prevented from defending that suit; that he was advised by his attorney that there was no homestead in his favor in the property, and, acting on the advice of his attorney, he had made no defense; that he had discovered since the last term of the Marion Circuit Court that he was entitled to a homestead, and no term of that court had intervened since he had made the discovery.

His prayer was that the judgment in that suit be set aside; that he be awarded a new trial, and be adjudged entitled to a homestead. To the petition last filed the appellees filed a demurrer and a plea in abatement; to the first petition they filed a demurrer. The court

sustained each of the demurrers, and the plea as well, and from the judgments dismissing his petitions he has appealed.

The only ground relied on by the appellant to vacate or modify the former judgment is, that he was prevented from making a defense by reason of the advice of his attorney. He calls this accident or surprise, which prudence could not have guarded against, but the fact remains the same that the only "accident or surprise" set up is that he was advised, during the pendency of the suit, that he had no homestead in the lands in question, but that he has been advised differently since.

Without determining whether the first or last advice is right, it seems to us that the former judgment can not be disturbed on the allegations of the petition. The most careful attorneys and the most learned judges often make mistakes by which the rights of litigants are determined erroneously in the light of further research. Indeed, in this very case, learned counsel for the appellees, while insisting on the finality of the judgment determining the rights of the parties, are contending that the principles of law announced by this court in Ellis v. Davis, 90 Ky., 183, by which the appellant would seem to be entitled to a homestead in his wife's land, are in conflict with other decisions of this court. And were we to so adjudge, would it be contended that the rights of litigants which have been adjusted in and out of court in virtue of such erroneous adjudication, should become unsettled and open to further judicial action?

The Code of Practice provides the grounds upon

which a judgment may be vacated, and among them is not to be found that of erroneous advice given by counsel and accepted by the client. Such a practice would result in endless confusion and most disastrous results.

The appeals are heard together and the judgments are affirmed.