# Prater v. Campbell.

APPEAL FROM PIKE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    REVERSED.

NEW TRIAL—MISTAKE OF ATTORNEY—SALE OF STANDING TIMBER—SUBROGATION OF BUYER TO WARRANTY MADE TO SELLER.

Held:    1. It seems that the fact that defendant's attorney notified him by mistake that his case had been continued is not a ground for new trial, in the absence of an allegation that the mistake of the attorney was not due to want of ordinary care on his part.

2. A sale of standing timber in contemplation of immediate severance is a sale of personalty.

3. A sale of timber by parol is at most only a sale of personalty and a warranty as to the size of the timber, made to the seller by the person from whom he bought, does not pass to the buyer.

JAMES GOBLE, ATTORNEY FOR APPELLANT.

(No briefs in record.)

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

At the March term, 1897, of the Pike Circuit Court, appellant Prater, recovered judgment by default against appellee, Campbell, on two notes sued on, aggre-

gating $300.   After the adjournment of the court,
Campbell filed a suit in equity against Prater, seek-
ing a new trial, and set out the causes why he did not
defend the former suit.   He alleges he had employed the
law firm of York & Salyer to attend to all his legal busi-
ness in Pike county, and that he was informed by Judge
York that all "appellee's ordinary suits" had been contin-
ued, and that, relying on that statement, he had left the
county to attend to urgent business affairs; that the other
members of the law firm employed by him was necessarily
absent from the court on account of a death in his family;
that York was also engaged in an important personal
litigation that so engrossed his time and attention as
to prevent his giving appellee's suit necessary care, that
York was mistaken in the statement that the case refer-
red to (it being an ordinary action) had been continued.
It is assumed that the facts stated constituted "such
casualty or misfortune preventing the party from ap-
pearing or defending" as is contemplated by section 518,
subsec. 7, Civ. Code Prac.   We held in Phillips v. Skinner,
6 Bush, 662, that a mistake of one's counsel in the course
of preparation of a case was not a ground for a new trial.
And it would seem that the facts relied on in this case for a
new trial are scarcely sufficient, unless the mistake of
the attorney was a casualty not due to want of ordinary
care on his part, which is not alleged in this case.   But,
before a new trial can be granted, not only must the
grounds relied on therefor be etablished, but a valid de-
fense to the original action must be pleaded and proved.
Section 521, Civ. Code Prac.

Appellee undertook in his petition for a new trial to
set out his defense to the original action.   It is as fol-
lows: "The plaintiff further states that some years ago

a firm called and known as Sible, Barringer & Co. pur-
chased of the defendant 490 trees, at $—, when in fact
he was not the owner of but 233, and was short on sale
of trees 276 trees, and the said trees were reasonably
worth at the time $2.50 per tree, which amounts
to the sum of $667.50; and the said firm of Sible, Barrin-
ger & Co. sold and transferred said trees to this plaintiff,
with all rights, privileges, and immunities pertaining
thereto; and the defendant is justly indebted to the plain-
tiff, and was at the time of the rendition of the judgment,
in the sum of $667.50 for shortage on said trees; and this
defendant would have pleaded said defense to said notes
sued on but for the unavoidable casualty and misfortune
set out in the first paragraph of this petition." In stat-
ing grounds for an injunction, it was alleged that appel-
lant (defendant) was insolvent. Demurrer to this peti-
tion was overruled, and an issue joined on the facts al-
leged. Judgment was rendered awarding appellee a new
trial, and setting aside the default judgment just men-
tioned.

The proof showed that appellant had sold to one Krool,
for H. W. Sibley, the standing timber on a certain boundary
of land in Pike county, which was counted by Sibley's
agents, and deed prepared by them for it, which appellant
signed. He said he could not read, and that he had sold
certain timber of size "18 inches in diameter and up,"
but it is alleged the deed calls for 22 inches as the mini-
mum size. The deed was not introduced. The prepon-
derance of the proof was that the minimum timber brand-
ed and counted at the time of the sale was 18 inches.
"The shortage" seems to be caused by adopting 22 inches
as the minimum size. There is no competent proof of a
warranty by appellant, nor is there allegation or proof

26 KENTUCKY REPORTS. [Vol. 110

of deceit by him in the transaction. There is no competent proof showing that appellant is entitled to be subrogated to Sibley's warranty, even if there had been one and it had been broken. The sale of standing timber in contemplation of immediate severance is a sale of personalty. Cain v. McGuire, 13 B. Mon. 341. But, even had the deed to Sibley & Co. been so drawn as to constitute a sale of real property, it is not alleged that their transfer to appellee was in writing, and therefore it, at most, could be only a sale of personalty, and the warranty to Sibley & Co. could not be transferred in that manner. We know of no rule by which a warranty express or implied, of a chattel attaches to and runs with it as with land. The answer did not, in our opinion, present a defense to the action on the notes. The judgment granting a new trial to appellee is reversed, and this cause is remanded, with directions to set aside the judgment, to dissolve the injunction granted, and to dismiss appellee's petition.