### Stamper, et al. v. Forman-Earle Company.

(Decided March 27, 1914.)

Appeal from Letcher Circuit Court.

1. New Trial—Grounds—Agreement To Settle—Violation—Evidence.—While ordinarily a new trial will be granted where a party has been misled by the statements or conduct of the opposing party or his counsel, and on that account failed to make a defense, yet where the evidence merely shows an expressed wish on the part of the complaining party to settle out of court, without a definite agreement by both parties, the action of the trial court in refusing a new trial will not be disturbed.

2. Pleading—Sufficiency—Judgment.—In an action by plaintiffs to recover of defendants an over-payment on the purchase price of certain logs which it was alleged defendants failed to deliver according to contract; held, that a judgment in favor of plaintiffs was supported by the pleadings.

S. MONROE NICKELL, D. D. FIELDS, D. I. DAY and NICKELL & BLAIR for appellants.

IRA FIELDS and JOHN C. EVERSOLE for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

On September 13, 1909, Culbert Stamper and Isom Caudill entered into a contract with the Forman-Earle Company, a Michigan corporation, by which they agreed to deliver to that company 2,500 saw logs of various lengths and grades at certain stipulated prices ranging from $10 to $30 a thousand feet. 50 per cent of the purchase price was to be paid when the logs were measured, branded and placed on the banks of good rafting water. The balance was to be paid when the logs were delivered in good condition at the company's mill at Heidelberg, Kentucky. Stamper and Caudill agreed to deliver the logs at the company's mill by August 1, 1910. In the event they failed to do so, the company had the right, in its discretion, to employ hands to make the delivery, and deduct the reasonable cost thereof from the contract price. In the event the logs were not delivered by the first of August, 1910, the company also had the right to deduct 10 per cent of the purchase price of the logs. The company agreed to measure the logs between the first day of October, 1909, and the 15th day of March, 1910, and as often as convenient.

On August 29, 1911, the Forman-Earle Company brought suit against Stamper and Caudill to recover an over-payment of $856.09. It appears from the petition that 922 logs were delivered on the North Fork of the Kentucky river, and there measured and branded by the company. Of these logs only 276 were ever delivered at the company's mill at Heidelburg. The company paid to Stamper and Caudill 50 per cent of the purchase price of the 922 logs. The sum sued for is the difference between the value of the 276 logs and 50 per cent of the purchase price of the logs measured and branded. It was also alleged in the petition that the balance of the logs were never delivered; that many of them had been lost, and the few that remained were in such deteriorated condition that the company should not be required to receive them. The company asked the appointment of a receiver to take charge of these logs, sell them and apply the proceeds on its debt. Process was duly served on Stamper and Caudill. Failing to make defense, a default judgment in favor of the company was entered. A receiver appointed by the court took charge of the re-

maining logs and sold them. · The company became the purchaser.

A few weeks later Stamper and Caudill brought an action for a new trial, relying on an alleged agreement made between them and the attorney for the Forman-Earle Company by the terms of which no action was to be taken in the pending suit at the September term, 1911, but that the parties were to make an amicable adjustment out of court. At the same time they set up certain defenses to the original action. On final hearing the petition for a new trial was dismissed. From this judgment and from the original judgment against them Stamper and Caudill appeal.

On the question of the agreement to settle the matter out of court, and that no action was to be taken in the pending suit, Stamper testified as follows:

"After I was summoned, I inquired who was the attorney and somebody said John Eversole and I got some one to tell me where he was and they said he was in the Kentucky Hotel and I went up there and found him there and I asked him, was he the man that brought that suit and he said he was, then we talked a little about the suit, just a little and then he had the contract and he showed me and we read it over together and discussed same, or some parts of the contract and after we had discussed some parts of the contract I told him that I was willing to go by a contract without going into law, or into any suit with it and he said that he was and he said that he had brought suit, or something that way to settle it, but that he would rather settle it without going into court with it and we talked a few more words and I told him I would see Mr. Caudill and he could see the company or something of that sort and I just stepped out and he, I don't know as he gave me any answer, but he appeared to sanction that, and appeared to be willing to do that."

John C. Eversole, attorney for the company, said that Stamper came to him on the occasion in question. He and Stamper discussed the provisions of the contract for sometime, Stamper contending that under the contract it was the duty of the company itself to look after the delivery of the logs if he and Caudill did not. In this conversation Stamper said he would like to settle the matter out of the court house, but no agreement to that effect was made.

It will be observed that Stamper, according to his own evidence, merely expressed his willingness to settle the case out of court, and suggested that he see Caudill and that Eversole see the company. To this Eversole gave no answer, but appeared to be willing to do that. He does not say that Eversole made any agreement not to take any action in the matter, and Eversole says that no such agreement was made. This court has been very liberal in granting new trials where a party has been misled by the statements or conduct of the opposing party or his counsel, and on that account failed to make a defense. But the facts of this case do not bring it within the rule announced. Fairly construed, Stamper's evidence merely shows that he expressed a desire to settle the matter out of court, and that Eversole appeared to sanction this method of procedure. Under these circumstances, we conclude that the trial court did not err in refusing a new trial.

It is next insisted that the original judgment is not supported by the pleadings. Attention is called to the fact that under the contract of sale the Forman-Earle Company had the right to deliver the logs at its mill after they had been placed on good rafting water, and that all they could recover in this action would be the reasonable cost of delivery, plus a further reduction of 10 per cent. That provision of the contract, however, is not mandatory. It simply gives to the company the option to employ men to deliver the logs. On the other hand, it was the positive agreement of Stamper and Caudill to make delivery by August 1, 1910. This they failed to do. They were not entitled to keep 50 per cent of the purchase price of all the logs, without delivering to the company logs equal in value to the amount so advanced. While the value of the 276 logs actually delivered is not stated, yet it does appear from the petition that plaintiff advanced to the defendants on the purchase price of the 922 logs the sum of $856.09, and that to that extent no logs were delivered by the defendants. As the petition shows that defendants received $856.09, to which they were not entitled, the facts stated in the petition are sufficient to authorize a recovery by plaintiff.

It further appears from the petition that at the time the suit was brought there remained on the river bank 276 logs which no attempt had been made to de-

liver at Heidelberg. By reason of the long delay the logs had greatly deteriorated in value. While it is true that the statute provides that the title to logs passes to the purchaser when branded, it further provides that this shall not affect the rights of contracting parties with respect to the payment of the purchase money therefor. Section 1409, sub-section 14, Kentucky Statutes. It is averred in the petition that the 276 logs which the receiver took possession of and afterwards sold, were not worth what it would cost to deliver them at Heidelberg, and it is further alleged that by reason of their deterioration the company should not be required to accept them. The contract contemplated that they should be delivered in good condition by August 1, 1910. Under these circumstances, the court properly adjudged that the company was not required to receive the logs. Both the company and Stamper and Caudill had an interest in the logs; the former by virtue of the payment made thereon, and the latter by virtue of the fact that the company was not required to accept them because of their deteriorated condition. We see no error, therefore, in the action of the trial court in ordering a receiver to take charge of and sell the logs and apply the proceeds to the payment of the debt of the company growing out of the fact that Stamper and Caudill had been overpaid. We, therefore conclude that the petition supports the original judgment.

Judgment affirmed.