## Callahan Construction Company v. Williams.

(Decided November 12, 1914.)

### Appeal from Whitley Circuit Court.

1. New Trial.—In case of a default judgment, motion for a new trial does not come too late, if made during the same term of court at which the judgment was rendered, although more than three days after judgment.

2. Corporations—Process—Service of.—Section 571, Kentucky Statutes, requiring corporate agent to be designated upon whom process may be served, does not annul the Code provisions with reference to service of process. Service upon the corporation's chief officer or agent in the county where the action is brought, although not the designated statutory agent, is sufficient to bring the corporation before the court.

3. New Trial.—Ignorance or negligence of defendant's attorney which

resulted in default judgment against it, does not constitute such accident or surprise as will authorize a new trial.

4. New Trial—Malicious Prosecution—Advice of Counsel—Torts.— The rule that advice of counsel is good defense to actions for malicious prosecution, does not apply to a motion for a new trial of, and is no defense to an action for ordinary tort.

TYE, SILER & GATLIFF for appellant.

HENRY C. GILLIS, J. B. SNYDER and B. B. SNYDER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was instituted against the Construction Company to recover $3,000 damages for personal injury. Summons was served August 11, 1913, and at the September term of court, viz.: September 24th, an order was entered taking the allegations of the petition as true, no answer having been filed. On September 30th, a jury was impaneled, and, after hearing the evidence in proof of damages, they returned a verdict for $3,000, the amount claimed. Judgment was entered thereon. During the same term of court, but after more than three days had passed, appellant filed motion for new trial, with affidavits in support of the ground set up. The ground relied upon is accident or surprise which ordinary prudence could not have guarded against. Civil Code, Section 340, sub-section 3. Since this was a default judgment and the motion for a new trial was filed during the same term of court at which the judgment was rendered, the motion does not come too late although more than three days after judgment. Riglesberger v. Bailey, 102 Ky., 608; Southwestern Ins. Co. v. Johnson, 140 Ky., 485.

The following are the facts, appellant says, that constitute the accident and surprise, which, within the meaning of the code, will authorize a new trial. Appellee was a member of a crew constructing a new railroad in Whitley County at the time of the injury, and R. L. Rogers was superintendent of the work and chief officer of the corporation in that county. The summons was served on Rogers. It is not now contended that Rogers was not the proper officer upon whom to serve process, nor is any question made as to the regularity of the service, and, in effect, it is conceded that if appellant desired to defend it was its duty to answer in due course. But appellant had theretofore designated another agent in this State with an office in the Lincoln Building, Louis-

ville, Kentucky, upon whom process might be served. As held in New South Brewing and Ice Company v. Price, 21 Ky. L. R., 11, and Cumberland Co. v. Lewis, 32 Ky. L. R., 1300, it is sufficient to serve summons on defendant's chief officer or agent in the county where the action is brought, although at the time defendant corporation has designated, under the provisions of Kentucky Statutes 571, an agent in another county upon whom process can be served. The statute does not annul the Code provisions with reference to service of process.

Appellant does not seek to again raise that question, but says that it had been advised by counsel that valid service could only be had upon its designated agent, and, in good faith acting upon that advice, had already instructed its local agent that service upon him was not service upon the corporation, and, for that reason, he did not notify the corporation that summons had been served upon him or that the action was pending. After judgment had gone against it by default, it learned to its surprise that the advice of counsel with reference to service was erroneous, and that is the surprise it now relies upon to secure a new trial. By affidavit accompanying the motion, it appears that appellant is a Tennessee corporation, not familiar with Kentucky laws, and acting upon advice of Kentucky counsel it had designated a statutory agent, and Rogers, at the time summons was served on him, notified the sheriff that he was not the proper person for service, and that as the outgrowth of a former suit against the company in the same county by another party it had notified both the sheriff and circuit clerk of that county that service upon its local agent was not sufficient, and would not bind the corporation.

In view of the instructions theretofore given Rogers, the corporation had justified him in the belief that no action was pending and that process served upon him was in fact no service. If it be said that he was negligent in failing to notify his principal, then that negligence would no more constitute a ground for new trial than would the negligence of the same officer constitute a defense to an action in damages against the master for personal injuries sustained as the result thereof.

Appellant's claim that it is entitled to a new trial because of the mistaken advice of its Kentucky counsel runs counter to all precedent in this State. If one is injured or sustains loss through negligence or ignorance

of his attorney, there is no reason for transferring any of the loss or damage to the adverse party, who was innocent of any wrong-doing in that connection. One of the first cases on the subject is Patterson v. Mathews and wife, 3 Bibb, 80, where it was held that a new trial should not go for a defendant against a default judgment entered through negligence of his attorney, although the defendant had the misfortune to be entirely blind and, therefore, was incapable of giving personal attention to his defense. The court said:

"It is a settled rule, that a new trial ought not to be awarded on account of the neglect of the agent or attorney of the party applying for it; for such neglect is equivalent to the neglect of the party himself, and he may have a remedy over against his agent or attorney. This rule, as well as the reason upon which it is founded, seems to be as applicable to the present case as to any other."

Payton v. McQuown, 97 Ky., 757, is another case for relief against a default judgment entered through the negligence of one's attorney in failing to file an answer. The Court said:

"This injunction was asked, as above stated, against a common law judgment, on the ground that appellant had requested an attorney, to whom he had submitted the facts constituting his defense, to prepare an answer for him, that he had relied upon his attorney's promise to do so and had gone to his home in another county, supposing that his answer would be filed and the case be continued, but that, for some reason unknown to him, the attorney had failed to file the answer. This, in our opinion, is wholly insufficient to entitle appellant to relief by injunction against a judgment by default rendered against him under such circumstances. Aside from the personal negligence thus confessed on part of appellant himself, in going off to another county and never looking after his case, in which, as we understand, the default judgment was not rendered till the second term after process was served, is the fact that the gross and unexplained negligence which he thus charges upon his attorney, instead of excusing him, is, under the law, to be treated as his own negligence."

In Mouser v. Harmon, 96 Ky., 591, a default judgment went against Mouser in an ejectment suit although he was entitled to "homestead" in the property. In con-

sidering his motion to vacate the judgment on the ground of accident and surprise, the court said:

"The only ground relied on by the appellant to vacate or modify the former judgment is, that he was prevented from making a defense by reason of the advice of his attorney. He calls this accident or surprise, which prudence could not have guarded against, but the fact remains the same that the only 'accident or surprise' set up is that he was advised, during the pendency of the suit, that he had no homestead in the lands in question, but that he has been advised differently since.

"Without determining whether the first or last advice is right, it seems to us that the former judgment cannot be disturbed on the allegations of the petition. The most careful attorneys and the most learned judges often made mistakes by which the rights of litigants are determined erroneously in the light of further research. Indeed, in this very case, learned counsel for the appellees, while insisting on the finality of the judgment determining the rights of the parties, are contending that the principles of law announced by this court in Ellis v. Davis, 90 Ky., 183, by which the appellant would seem to be entitled to a homestead in his wife's land, are in conflict with other decisions of this court. And were we to so adjudge, would it be contended that the rights of litigants which have been adjusted in and out of court in virtue of such erroneous adjudications, should become unsettled and open to further judicial action?

"The Code of Practice provides the grounds upon which a judgment may be vacated, and among them is not to be found that of erroneous advice given by counsel and accepted by the client. Such a practice would result in endless confusion and most disastrous results." Legrand v. Baker, 6 T. B. Mon., 247; Dean v. Noel, 24 Ky. L. R., 969; Cary v. Mire, 143 Ky., 64; Landrum v. Farmer 7 Bush, 46; Brannin v. Trent, 9 Ky. L. R., 577; Phillips v. Skinner, 6 Bush, 662; Prater v. Campbell, 110 Ky., 23.

Appellant insists that it had the right to rely on the erroneous advice of its Kentucky counsel, and, as in an action for malicious prosecution, says that such advice although erroneous should operate as an excuse.

Where one has used reasonable diligence to ascertain all the facts, and before procuring the arrest of another, has laid all these facts before an attorney whom he believes competent to advise him, and obtained advice that

the prosecution is legal, and in good faith acts upon that advice, it is a complete defense to an action for malicious prosecution. National Life and Accident Co. v. Gibson, 31 Ky. L. R., 101; Gatz v. Harris, 134 Ky., 550, and Nance v. Cash, 143 Ky., 358.

The reason for this is that malice and want of probable cause are necessary elements in an action for malicious prosecution, and to repel the inference of malice and show probable cause he may plead that he acted upon legal advice. Since malice and probable cause have no place in the case at hand, the principle relied upon by appellant has no application.

Appellant may have acted in good faith both as to the prosecution of the work when appellee was injured, and as to its failure to make defense to his action for recovery, but if appellant's negligence was the proximate cause in either case it must take the consequences, and, as we have before seen, negligence or ignorance of its attorney is attributable to appellant.

We feel that it is proper to add that what has been said here with reference to negligence and ignorance of appellant's attorney does not apply to those representing it on this appeal. Their admirable brief, and the skill displayed in presenting its case on the motion for new trial, both here and in the court below, are convincing proof that it was not their advice which appellant relied upon in its failure to make defense in the first place.

Being of opinion that appellant is not entitled to a new trial, it is unnecessary to consider appellee's motion to dismiss the appeal.

For the reasons stated, the judgment is affirmed.