## American Railway Express Company v. Hulen-Toops & Company.

(Decided May 9, 1924.)

## Appeal from Hart Circuit Court.

Judgment—Petition Held Not Demurrable.—Petition under Civil Code of Practice, section 518, to set aside default judgment and for new trial, alleging court adjourned January 14th instead of January 21st, and that answer was not filed because agreement existed that pleadings would be made up for trial at following term, held not demurrable.

WATKINS & CARDEN, JOHN B. RODES and RODES & HARLIN for appellant.

DOWLING & STRANGE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

In December, 1921, the appellee, Hulen-Toops & Company, filed an action in the Hart circuit court against the American Railway Express Company to enforce a judgment obtained by Hulen-Toops & Company against the Adams Express Company on the theory and hypothesis that the Adams Express Company with other express companies had consolidated under the name of American Railway Express Company, the latter concern taking over all the property and effects of the Adams Express Company, thus becoming responsible for its liabilities. The Hart circuit court convened in January for a three-weeks' term and would have regularly ended upon the 21st day of the month, but for some reason the court adjourned finally upon the 14th. No answer was filed by the American Railway Express Company to the petition, but counsel for Hulen-Toops & Company conferred with counsel

for the American Railway Express Company and it was tentatively agreed, so it is averred in the petition for new trial filed by the latter company, that the pleadings would be made up during the term and the case prepared between the January and April terms so that a trial might be had at the next term of the Hart circuit court. Relying upon this agreement as averred in the petition for new trial the appellant, American Railway Express Company, prepared its answer and forwarded it, as it alleges, to its general counsel in New York for approval before filing, when it was offered by local counsel. Court had adjourned and the orders were signed, but counsel took the answer to the office of the clerk of the court and filed it, and when he did so he learned for the first time that a default judgment had been taken against appellant on the last day of the abbreviated January term which adjourned on the 14th. It is further averred in the petition for new trial that counsel for appellant remained in the courtroom all the time during the last day of the session, leaving the courthouse at the same time the trial judge left and that no motion, suggestion or request was made in open court while appellant's counsel was present for judgment against appellant; that appellant had an answer ready which would have been in all respects sufficient had one been called for, but appellant's counsel, relying upon the agreement of counsel for appellee, awaited the return of the answer forwarded to general counsel in New York before filing same, thus causing the delay.

Soon after the discovery of the default judgment appellant brought this action under section 518 of the Civil Code for a new trial, setting forth the facts above recited and many others, concluding with a prayer that the default judgment be set aside and appellant granted a new trial. To the petition was attached a copy of the original petition in equity filed by the Hulen-Toops & Company against the Adams Express Company, and upon which the default judgment was entered. Also a copy of the demurrer and answer filed by the American Railway Company in response to the original petition. A copy of the default judgment entered against appellant company was also made a part of the petition. To the petition as thus made up the appellee, Hulen-Toops & Company, filed its general demurrer. On hearing, the court sustained the demurrer to the petition for new trial but granted leave to amend. The plaintiff, however, declined to plead

further, whereupon the petition was dismissed, and the appellee was adjudged to recover its cost and this appeal results.

The answer tendered by appellant and filed in the clerk's office was a traverse of all the material averments of the petition in the original action. The circumstances under which the default judgment was entered, as set forth in the verified petition for new trial, are such as to engage the attention of a chancellor and to warrant the granting of the relief prayed. The petition also sets forth the fact that the cause did not stand for trial at the January term and that counsel on both sides conferred about the matter of filing an answer and tacitly agreed that the pleadings should be made up in expectation of a trial at the next term. Just how the default judgment came to be entered is not explained. In the light of the whole record before us we are persuaded that the trial judge should have overruled the demurrer to the petition for a new trial, and if there was no answer filed to that petition, a new trial should have been granted. For this error the judgment is reversed for proceedings consistent herewith.

Judgment reversed.