## Hensley v. Hensley.

(Decided December 8, 1925.)

## Appeal from Bell Circuit Court.

1. Divorce—Evidence Held to Show Unavoidable Casualty Preventing Defendant's Attorney From Appearing and Defending.—In husband's petition under Civil Code of Practice, section 518, seeking vacation of judgment awarding wife devorce and alimony and reopening of case, evidence that husband's attorney was taken by surprise in submission of case and by the entering of a judgment on last day of court term, held to show an unavoidable casualty, preventing defendant's attorney from appearing and defending.

2. Appeal and Error—Chancellor's Opinion Given Weight, Where Evidence is Conflicting.—There being a conflict in the evidence;

chancellor's opinion must be given some weight, and the judgment will not be disturbed.

3. Divorce—Evidence Held to Require Reduction in Award of Alimony to Wife.—Evidence that wife granted divorce is earning $650 per year, that husband earns from $4.00 to $5.00 per day as a miner, there being no children, and it being matter of general knowledge that miners do not have steady employment, held to require reduction of award of alimony from $25.00 per month for four years to $20.00 per month for three years.

W. T. DAVIS and J. M. GILBERT for appellant.

E. PHILPOT, E. F. BAKER, B. B. GOLDEN and REAMS & JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Shelby and Lillian Hensley were married in January, 1917, and finally separated on the 3rd of February, 1918. Under the provisions of the draft act Shelby was called for service in April of that year and sent abroad, serving fourteen months in the army and being discharged in June, 1919. During the time of his service his wife drew monthly $15.00 as a part of his allowance and an additional $15.00 from the government. On his return the parties were not reunited and within a few weeks thereafter Lillian brought a suit for divorce to which no answer was filed. In July she filed the necessary affidavit and procured an order of attachment for his property, also an allowance *pendente lite*. He failed to pay this allowance and a rule issued against him, and later this was made absolute. The petition contained the necessary averments for an order of attachment, but was not verified. Defendant's attorney inspected this without seeing the affidavit mentioned and proceeded on the theory that he would have the attachment discharged on the face of the papers on the final calling of the case.

The plaintiff took depositions on the day before the last day of the October term of the Bell circuit court. These were taken by agreement of attorneys but in the absence of Shelby. There was an understanding between counsel that Shelby's lawyer would be heard before a submission. However, the case was submitted on the last day of the term and a judgment entered awarding a divorce to the wife and alimony in the sum of $25.00 per month for a period of four years. Defend-

ant's counsel was out of town and did not learn of this proceeding or that any judgment had been entered until after final adjournment of court; whereupon he filed a petition under section 518 of the Civil Code asking a vacation of the judgment and a reopening of the case, the entire record of the former case being made a part of this one and a defense pleaded to the original petition.

Lillian, through her attorney, filed answer and proof was taken by each on the issue involved in both actions. The trial court dismissed the second petition and the plaintiff in that action has appealed.

It is very clear that Shelby's attorney in the original action was taken by surprise in the submission of the case and the entering of judgment on the last day of the October term, and that under all the circumstances as to him this would be an unavoidable casualty preventing him from appearing and defending, if indeed it was not actually fraudulent. The case had been on the docket for five or six months and no proof was taken by the plaintiff therein until the day before the court adjourned. No answer had been filed, but it is unnecessary to file an answer in a divorce proceeding unless the party wants to present an affirmative issue. However, on this point the attorney testified that he had prepared an answer and was ready to file it, and that it was his intention to take proof for the defendant, and this is practically conceded by opposing counsel, who excuses himself by saying that the case was submitted on motion of the clerk, though he admits the judge directed him to draw the order; that he did this and delivered it to the clerk for entry. A large volume of evidence was taken, the parties being the principal witnesses. We refrain from discussing it in detail. As described by the wife the husband is entitled to no consideration, his conduct and morals being such as to shock a person of ordinary decency. On the other hand, all the matters attributed to him by the wife are denied by the husband, who, while upholding her good name, pictures her as being insanely jealous and suspicious without cause, and as being quarrelsome and belligerent.

There is some evidence corroborating each, and all in all there is considerable conflict, hence some weight must be given to the opinion of the chancellor, whose judgment indicates that he accepted the wife's version of the matter. However, the amount of alimony was based on the evidence introduced in the first trial as de-

tailed by the wife's witnesses alone, and in which the husband was shown to have some property. In this case it is shown that the husband has no property, and that he only earns from $4.00 to $5.00 per day as a miner, it being a matter of general knowledge that miners do not have steady employment.

On the other hand, it appears that Lillian drew $30.00 per month during Shelby's enlistment by virtue of the fact that she was his wife. With commendable spirit she applied this to the completion of her education, and she is now earning $650.00 per year as a school teacher. They have no children. No doubt the chancellor fixed the alimony at a larger sum than he would have fixed it with the present evidence before him. Considering the case in its entirety we think the sum of $20.00 per month for a period of three years, beginning with the day of the entry of the first judgment, would be a reasonable alimony.

Wherefore, the judgment is reversed, with direction to vacate and set aside the first judgment for alimony, and upon final submission for a judgment as hereinbefore indicated. Of course the judgment for divorce is not affected by this proceeding.