### Cleveland v. Couch.

(Decided October 15, 1929.)

W. A. STANFILL for appellant.

W. E. FAULKNER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Polly Ann Couch instituted in the Perry circuit court an action against Alma Cleveland to obtain a new trial of a previous action in which a default judgment had been rendered against her. The ground relied upon was an unavoidable casualty or misfortune which prevented her from appearing or defending. Civil Code, sec. 518, subsec. 7. The circuit court granted the relief sought, and Alma Cleveland has appealed. The facts were stipulated, from which it appears that L. M. McIntosh had instituted an action against Arthur Couch and his wife, Polly Ann Couch, and Alma Cleveland, to enforce a first lien on certain real property of Arthur Couch and wife upon which Alma Cleveland held a second lien. McIntosh

did not seek a personal judgment against Polly Ann Couch. In her answer and cross-petition Alma Cleveland sought to enforce her second lien on the same property, and asked for a personal judgment against Arthur Couch and Polly Ann Couch. The three parties were represented by different attorneys. Polly Ann Couch did not answer either the petition of McIntosh or the cross-petition of Cleveland, although duly served with summons on both pleadings. A default judgment was taken enforcing the liens of McIntosh and Mrs. Cleveland, and a personal judgment was rendered in favor of Alma Cleveland against Arthur Couch and Polly Ann Couch.

The property did not bring a sum sufficient to pay the two debts, and, when Mrs. Cleveland had an execution issued on the personal judgment, this action was filed to enjoin the levy of the execution and to obtain a new trial. The attorney for Mrs. Cleveland did not prepare the judgment, but it was prepared by the attorney for McIntosh in the presence of Arthur Couch, husband of Polly Ann Couch, who, because of her illness, was acting as her agent at the time, and also in the presence of an attorney consulted by Couch respecting the rights of Polly Ann Couch. As dictated, the judgment merely enforced the two liens, and did not contain any other recovery against Polly Ann Couch. The document was so transcribed, and a copy of it left with the attorney, but, when it was presented in court, the attorney for Mrs. Cleveland insisted upon a personal judgment against Polly Ann Couch, to which his client was entitled under the pleadings. The proposed judgment was then modified so as to provide a personal judgment against Mrs. Couch, and duly entered on the order book. No notice was ever given to the attorney for Polly Ann Couch of the change made in the tentative judgment, and the attorney for Mrs. Cleveland had no notice or knowledge of the circumstances, or of the fact that Polly Ann Couch had consulted an attorney. Without examination of the records to see whether the judgment was entered as prepared, the parties assumed it to be so, and did not know differently until the execution was issued.

It is manifested in the action for a new trial that Polly Ann Couch had a valid defense to the original action which she could have presented, and thus prevented the rendition of a personal judgment against her. She was a married woman, and from the agreed stipulation of facts it appears that she signed the note merely

as surety for her husband, upon which she was not personally liable. Baker v. Owensboro Bank, 140 Ky. 121, 130 S. W. 969. Yet, when a married woman permits a personal judgment to be rendered against her on a debt upon which she is merely a surety, she may not afterwards set up a defense which should have been presented in the first action. Wren v. Ficklen, 109 Ky. 472, 59 S. W. 746; Bogie v. Nelson, 151 Ky. 443, 152 S. W. 250; Miracle v. Purcifull, 178 Ky. 212, 198 S. W. 753. Under such circumstances the only relief for a party, if any exists, after the term of court at which the judgment was rendered, is an action for a new trial under the Civil Code. It is insisted that the circumstances under which the appellee labored, and the misunderstanding under which her agent acted, respecting the preparation and entry of the judgment, formed such a chain of circumstances as amounted to an unavoidable casualty or misfortune. Reliance is placed upon certain cases in which circumstances no more cogent than those appearing were held sufficient to warrant the court at the term in setting aside a judgment and in permitting defense to be made. Southern Ins. Co. v. Johnson, 140 Ky. 485, 131 S. W. 270.

It will be observed, however, that there are two classes of cases which should not be confused, since a different rule applies to each class. When application to set aside a default judgment and permit answer to be filed is made at the same term of court at which the judgment is rendered, the court is not dependent upon the Code provisions regulating the granting of new trials, but has inherent power to set aside the default judgment. Stewart v. Commonwealth, 197 Ky. 501, 247 S. W. 357; Union Gas & Oil Co. v. Kelly, 194 Ky. 153, 238 S. W. 384; Baker v. Commonwealth, 195 Ky. 847, 243 S. W. 1049. It is a power to be exercised in the sound discretion of the court, and not to be granted as a favor or withheld as a rebuke. It does not depend upon whether the party complaining can show himself strictly entitled to legal relief under the provisions of the Civil Code regulating the granting of new trials upon the ground of unavoidable casualty or misfortune, but upon whether the ends of justice will be subserved by setting aside the default judgment and hearing the case on its merits. Thompson v. First Nat. Bank, 183 Ky. 69, 208 S. W. 320; Southern Ins. Co. v. Johnson, 140 Ky. 485, 131 S. W. 270.

A different principle applies to actions for a new trial under section 518 of the Civil Code, as pointed out

in the cases cited. Under the section of the Civil Code authorizing the granting of a new trial for unavoidable casualty or misfortune, there must be some mishap which prevented the party from appearing, and which could not have been guarded against by the exercise of ordinary care. Crowder v. Stine, 172 Ky. 703, 189 S. W. 925; Callahan Const. Co. v. Williams, 160 Ky. 814, 170 S. W. 203. An action for a new trial may not be maintained where no effort was made to defend the action, and the party was not misled by the other party or his attorney, or prevented from presenting his defense by some unavoidable casualty or misfortune. Noe v. Davis, 171 Ky. 482, 188 S. W. 457; Stamper v. Forman-Earle Co., 158 Ky. 324, 164 S. W. 937.

The cross-petition against Mrs. Couch set up a cause of action entitling Mrs. Cleveland to a personal judgment. The most casual examination of that pleading would have discovered that fact. The prayer was for a personal judgment, and the position taken in the pleading was not modified or affected by any conduct or statement of Mrs. Cleveland or her counsel. The whole trouble arose from the assumption that counsel for McIntosh would have entered a judgment in the form prepared by him, when Mrs. Cleveland, or her attorney, had not been consulted. Manifestly judgments may not be set aside under such circumstances. It is obvious that the exercise of the slightest degree of diligence upon the part of appellee's agent would have discovered the purpose of Mrs. Cleveland to demand a personal judgment. Ample opportunity was presented appellee to make her defense to the demand. The appellee cannot be relieved from the consequences of her own failure to exercise ordinary care, when the appellant was entirely without fault in the matter. The facts fail to bring this case within any of the definitions of unavoidable casualty and misfortune which may be found in our decisions construing those words as employed in the Civil Code.

It is said finally that the circuit court has a discretion in the matter of granting new trials, and, having exercised the discretion in the present case by granting a new trial, the action should not be disturbed on appeal. It is true that a motion or petition for a new trial is addressed to the sound discretion of the circuit court, and its action will not be interfered with or controlled, unless abused (Reid v. Craig, 204 Ky. 151, 263 S. W. 678; Isgrig

v. Jacoby, 199 Ky. 744, 251 S. W. 945) ; but the discretion described is a judicial discretion, not an arbitrary one, and, when the facts wholly fail to make out a case of unavoidable casualty or misfortune, the granting of a new trial is not authorized, and cannot be sustained. The disregard of a legal right may be an abuse of discretion, and the vacation, without legal cause, of a valid judgment regularly obtained, is manifestly erroneous.

If it be said that the counsel consulted by appellee made a mistake in relying upon the proposed judgment as prepared without consulting the pleadings or the attorney for Mrs. Cleveland, the fact affords no basis for relief (Prater v. Campbell, 110 Ky. 24, 60 S. W. 918, 22 Ky. Law Rep. 1510; Callahan Const. Co. v. Williams, 160 Ky. 814, 170 S. W. 203; Mouser v. Harmon, 96 Ky. 591, 29 S. W. 448, 16 Ky. Law Rep. 651; Phillips v. Skinner, 6 Bush, 662) ; but back of that appears the further fact that the attorney acted upon an erroneous statement of fact made by the appellee's agent to the effect that she had not signed the note given to Mrs. Cleveland. If the attorney was thus induced to assume that the judgment as prepared conformed to the pleadings, such mistake afforded no ground for a new trial (Crowder v. Stine, 172 Ky. 703, 189 S. W. 925). The casualty or misfortune which will authorize the exertion of the extraordinary power conferred by section 518 of the Civil Code to grant a new trial must be unavoidable and of a character which ordinary care could not forestall, unless the injured party is lulled into a false sense of security by the words or conduct of his adversary. Hensley v. Hensley, 211 Ky. 706, 277 S. W. 1014; American Ry. Express Co. v. Hulen-Toops & Co., 203 Ky. 107, 261 S. W. 889; Hayden v. Moore, 4 Bush, 107.

The judgment is reversed, with directions to dismiss the petition.