## Baker v. Owensboro Savings Bank & Trust Co.'s Receiver.

### (Decided October 6, 1910.)

### Appeal from Daviess Circuit Court.

1. Married Women—Binding Her Estate—Surety.—Under the Statute now in force in this state a married woman, though she may bind her estate by a conveyance or pledge, cannot become personally liable or bound as surety for any one.

2. Party to Suit—Defense—Illness—Grounds for Vacating Judgment —New Trial.—Where a party is sued he must, when able, take steps to prepare for and make his defense, yet where he is incapacitated by sickness to prepare for his defense, and incapable of attending to any business, and these facts are made to appear the trial court should not hesitate to vacate a judgment and grant a new trial on account of unavoidable casualty or misfortune which prevented him appearing or defending.

ELI H. BROWN and BROWN & NUCKOLS for appellant.

R. A. MILLER and R. S. TODD for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

On the 20th day of the regular June term, 1908, of the Daviess circuit court, appellee, T. A. Pedley, as receiver of the Owensboro Savings Bank & Trust Company,

recovered a judgment against appellant, Ione W. Baker, for $156.20, with interest from April 10th, 1905, and the further sum of $349.20, with interest from October 10th, 1903, and costs. The demands on which this judgment was rendered were: First, the joint note of Ione W. Baker and H. A. Williams, dated November 10th, 1904, due four months after date, executed by the said Williams and payable to the order of said Baker, negotiable and payable at the Owensboro Savings Bank & Trust Company, the note being indorsed by Baker to, and discounted by said bank; second, an inland bill of exchange, dated June 10th, 1903, drawn by H. A. Williams on H. W. Baker, and requesting the latter to pay to the order of Ione W. Baker, four months after date, the sum of $349.20. Said bill was negotiable and payable at the Owensboro Savings Bank & Trust Company, and was indorsed by Ione W. Baker, to, and discounted by said bank. The action was commenced May 22d, 1908. On that date a summons was issued and served on H. A. Williams and Ione W. Baker. The next term of the Daviess circuit court began June 1st, 1908. To the action the appellant, Ione W. Baker, made no defense, and judgment was rendered against her on June 23d, 1908. On July 9th, 1908, an execution issued on the aforesaid judgment. This execution was placed in the hands of the sheriff and levied on appellant's property.

On September 24th, 1908, appellant instituted this action against appellee, H. A. Pedley, as receiver of the Owensboro Savings Bank & Trust Company, and Jesse B. Harl, sheriff of Daviess county, for the purpose of having the aforesaid judgment vacated on the ground of unavoidable casualty or misfortune which prevented her from appearing or defending, as provided by subsection 7 of section 518 of the Civil Code. After setting forth the judgment against her and the fact that she had a good and valid defense, as shown by an answer which she offered to file in the action in which the judgment was taken and which accompanied the petition, the petition contains the following averment: "Plaintiff states that at the time said action No. 15570 was instituted in this court on May 25, 1908, and continuously from said date until after the 25th day of August, 1908, she was disabled and incapacitated by sickness to attend to business and on said last named date went to Tar Springs, in Breckinridge county, in the hope of recovering from her sickness; she states that by reason of her indisposition

above stated she was during its continuance rendered incapable to properly attend to any business and was especially unfit and incapable to attend this court and make her defense to said action; her said disability was casualty and misfortune unavoidable on her part." To this petition a demurrer was sustained. Thereafter appellant amended her petition as follows: "She states that from and after the date of the service of summons on her in said action No. 15570 above mentioned on May 22d, 1908, until after July 25th, 1908, she was incapacitated by sickness to make any preparation for her defense of said action No. 15570 or to make her defense to said action." In this amended petition she sets forth the same defense embraced in the answer tendered and filed with her petition. Her defense is that, before the dates of the instruments sued upon, she was, and since that time has been, a married woman; that the note and bill sued on were the debts of H. A. Williams; that no part of either of said debts was created, existed, or was then a debt against her as principal debtor, but that she signed the same merely as surety; that no portion of her estate had ever been set apart by deed or mortgage or other conveyance for the purpose of securing either one of said two debts; that the Owensboro Savings Bank & Trust Company, when it discounted each of said bills and notes, had full knowledge that they were the debts of said H. A. Williams and were not the debt either in whole or in part of the plaintiff; that these facts would have been pleaded by her in her behalf but for her sickness, which prevented her making a defense to said action. A demurrer was sustained to the petition as amended. Appellant declining to plead further, the petition and amended petition were dismissed, and she appeals.

Under the statute now in force in this state, a married woman, though she may bind her estate by a conveyance or pledge, can not become personally liable or bound as surety for any one. Hall v. Hall, 118 Ky. 656. Therefore, if appellant, at the time of the transaction in question, was a married woman and was in effect merely a surety, and this fact was known to the Owensboro Savings Bank & Trust Company, appellant's defense is good. The only question to be determined, then, is whether or not appellant's allegations in regard to her incapacity because of sickness are sufficient.

While it is true the court's processes must be respected, and that when a party is sued he must, when

able, take steps to prepare for and make his defense, yet, where he is incapacitated by sickness to make any preparation for his defense, or to make his defense to the action, and is as a matter of fact incapable of attending to any business, we conclude that, when these facts are made to appear, the trial court should not hesitate to vacate the judgment and grant a new trial on account of unavoidable casualty or misfortune which prevented him from appearing or defending. That being true, we conclude that the allegations of the petition and amended petition are sufficient, and that the court erred in sustaining the demurrer thereto.

For the reasons given, the judgment is reversed and cause remanded, with directions to overrule the demurrer to the petition as amended.