## Smith v. Rader.

(Decided January 27, 1914.)

### Appeal from Jackson Circuit Court.

Appeal—Finding of Chancellor—Conflicting Evidence.—Where the evidence in an equitable action is conflicting, and upon the consideration of the whole case the mind is left in doubt, the finding of the chancellor will not be disturbed.

J. R. LLEWELLYN for appellant.

A. W. BAKER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This action was brought by plaintiff, G. W. Rader, against defendants, Isam Smith and Jerry Allen Sparks, to recover judgment against them for timber which they had cut and removed from a small tract of land in Jackson County, Kentucky, to which plaintiff asserted title, and to enjoin them from further cutting or removing any timber from the land. Defendant, Isam Smith, denied plaintiff's title and pleaded title in himself. On final hearing the chancellor gave judgment in favor of plaintiff, and perpetually enjoined defendants from further cutting or removing the timber. Defendant Smith appeals.

Plaintiff asserts ownership to the land in controversy under and by virtue of an 86-acre patent issued to one David Goosey on August 5, 1858, on a survey made April 6, 1858.

Defendant Smith claims title under and by virtue of a patent issued to him on August 30, 1910, on a survey, made February 23, 1910.

In the David Goosey patent there is a call beginning at three spotted oaks and gum in the county line, and running "thence N. 45 W. 225 poles with the county line to a stake." In the patent under which defendant claims there is a call reading "thence with the same (county line) N. 45 W. 125 poles to a stake in the Seaborne and Brawner lines." The two patented boundaries adjoin, and the course N. 45 W. 225 poles is common to both, it being conceded by both parties that the

distance 125 poles should be 225 poles. It is, therefore, agreed that the ownership of the tract of land in controversy depends upon the proper location of the line N. 45 W. 225 poles, and that the location of this line depends upon the variation with which it is run. The plaintiff claims that it should be run with a variation of four degrees, while defendant claims that the variation should be only two degrees. According to plaintiff's evidence, Jackson County was not created until after the David Goosey survey was made. The county line, therefore, refers to the line between Estill and Laurel Counties. Estill County was created in 1808, while Laurel County was created in 1825. In running the lines of old surveys a variation of one degree should be made for each 19 or 20 years. The old deeds and records show that the county line referred to runs N. 45 W. Allowing a variation of one degree for every 20 years it will require a variation of four degrees and over to run the line now. Two surveyors testified that it took a variation of over four degrees to run this line properly. There was also evidence to the effect that the line in controversy, if run with a variation of four degrees, would follow a well-marked line.

According to the evidence for the defendant, a man by the name of James ran the line in controversy about 25 or 30 years ago, and ran it with a variation of two degrees. If run with a variation of four degrees, the line would not follow the marked timber. If run with a variation of two degrees it would coincide with the marked line.

This is one of those cases where the evidence is conflicting, and upon a consideration of the whole case the mind is left in doubt, and we cannot say with any reasonable degree of certainty that the chancellor has erred. In such cases it is our rule not to disturb the finding of the chancellor. Byassee v. Evans, 143 Ky., 415; Wathen v. Wathen, 149 Ky., 504; Potter v. Damron, 150 Ky., 587.

Judgment affirmed.