## Cummings v. Watson, et al.

(Decided November 12, 1918.)

### Appeal from Henderson Circuit Court.

1. Appeal and Error—Finding of Chancellor.—Where the evidence is conflicting and the case turns on the credibility of the witnesses, who are known to the chancellor, it is the practice of the Court of Appeals to rely upon the chancellor and not to disturb his finding of fact, unless the court can say with reasonable certainty that he erred in his conclusion.

2. Champerty and Maintenance—Possession of Agent—Possession of Tenant—When Adverse.—The possession of an agent or tenant

of a grantor is not adverse to the grantor's grantee so as to render a deed by the latter champertous in the absence of a clear and unequivocal disclaimer of the relation by which he acquired possession brought to the notice of such grantee.

VANCE & HEILBRONNER and LOUIS I. IGLEHART for appellant.

DORSEY & DORSEY and JOHN C. WORSHAM for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Maxie T. Watson and her husband, S. W. Watson, brought this suit against J. Clay Cummings to quiet Mrs. Watson's title to a tract of 90 acres of land lying in the county of Henderson. On final hearing Mrs. Watson was granted the relief prayed for and the defendant appeals.

Coleman L. Smith was the owner of the tract in controversy and also of another tract of land consisting of about 140 acres. On February 19, 1908, he made a will by which he devised the two farms to J. Clay Cummings, who was his stepgrandson. On September 8, 1914, he conveyed the 90 acre tract to Franklin M. Beck. On November 16th, Mr. Smith died and his will, devising the two farms to Cummings, was duly probated. On December 2, 1914, Beck conveyed the tract in controversy to Maxie T. Watson. Cummings defended on the ground of champerty and on the further ground that the deed from Smith to Beck was obtained by fraud and at a time when Smith, because of old age and the use of intoxicating liquors, was mentally incapable of making a deed. The evidence for Cummings tends to show that Beck was not related to Smith and had never performed any services for him; that on the day the deed was executed Beck appeared at Smith's home in an automobile. Beck had been drinking and gave some liquor to Smith. Before starting for Henderson both were more or less intoxicated. Beck and Smith were together for about a week in Henderson and during that time they were drinking to excess. On the other hand, the evidence for Mrs. Watson tends to show that Beck, who was a first cousin of Cummings, had lived in the neighborhood of Mr. Smith and called Mr. Smith "grandpa," and that Mr. Smith had stated that he intended to give the 140 acre farm to Cummings and the 90 acre farm to Beck. The deed was dictated by W. P. McClain to Miss Margaret Sinnott, and Mr. Merritt Alves was also pres-

ent. These witnesses say that Smith was sober at the time and was very clear as to what he wanted done. The chancellor based his decision on the testimony of these witnesses, with whom he was well acquainted. Where the evidence is conflicting and the case turns on the credibility of the witnesses who are known to the chancellor, it is our practice to rely upon the chancellor and not to disturb his finding of fact unless we can say with reasonable certainty that he erred in his conclusion. Smith v. Rader, 157 Ky. 178, 162 S. W. 799.

The claim that the deed from Beck to Mrs. Watson was champertous, because Cummings was then in the adverse possession of the land in controversy, cannot be sustained. The evidence shows that Cummings acquired possession either as the agent or tenant of Smith. That being true, his possession was not adverse to Beck, Smith's grantee, in the absence of a clear and unequivocal disclaimer of the relation by which he acquired possession brought to the notice of Beck.

Judgment affirmed.