## Conrad v. George S. Smith and Daisy Smith.

(Decided May 13, 1924.)

### Appeal from Shelby Circuit Court.

1. Evidence—Parol Evidence Inadmissible to Vary Deed by Showing Right of Passway.—Oral testimony was inadmissible to show that grantee stated that he would never bother grantors concerning their right to a passway over land as long as he owned it, oral negotiations being merged in deed.

2. Easements—No Implied Reservation of Right of Way Except in Case of Strictest Necessity.—Reservation of right of way is not implied except in case of strictest or absolute necessity for a way.

3. Appeal and Error—Judgment of Circuit Court Not Disturbed, where Proof Fairly Leaves Mind in Doubt.—Appellate court does not disturb judgment of trial court on facts, where proof fairly leaves mind in doubt.

PICKETT, BARRICKMAN & KALTENBACHER for appellant.

BECKHAM & GILBERT and R. F. MATTHEWS for appellees.

Opinion of the Court by Commissioner Hobson— Affirming.

In 1912 James V. Conrad and his brother O. L. Conrad owned a tract of land in Shelby county containing something over four hundred acres. For many years previously this tract had been used as one farm and a passway existed over it from the residence to a turnpike on one side and also to a turnpike on the opposite side so that persons living on this tract could go out either of these pikes.

In 1913 James V. and O. L. Conrad conveyed to George S. Smith two hundred and five acres of the land lying next to the Doolan and Clark state turnpike, and a year or two later O. L. Conrad conveyed to his brother the remainder of the tract. Smith before his purchase had lived on the tract for a number of years as a tenant of the Conrads and at the time of his purchase the passway or road leading across the tract he bought was plain and visible. For many years after his purchase James V. Conrad continued to use this road without objection on the part of Smith, but in the year 1921 Smith nailed up the gate and refused to allow Conrad to pass over the way any longer. Thereupon Conrad brought this suit to enjoin Smith from closing the way. On final hearing the circuit court dismissed his petition and he appeals.

In the deed which the Conrads made to Smith nothing is said about the passway; the deed is simply a conveyance of the land with general warranty.

The Conrads testify that at the time of the trade they asked Smith about the passway and he said: "I will never bother you boys concerning it so long as I own this property," and that after he said this, relying on this statement of his, they drew and delivered the deed making no mention of it. Smith says he told them that he wouldn't be willing to give them a deeded road through there, but he would give them permission to pass through, and they said all right.

It is not necessary to determine who is right as to what was said then. The oral negotiations between the parties were merged in the deed:

> "When parties have deliberately put their engagements in writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was re-

duced to writing; and all oral testimony of a previous colloquium between the parties, or of conversation or declarations at the time when it was completed, or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected. In other words, as the rule is now more briefly expressed, 'parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.' '' (1 Greenleaf on Evidence, sec. 275.)

LeBus v. Boston, 107 Ky. 98, and Wright v. Willis, 23 R. 565, do not conflict with this rule. In LeBus v. Boston the parol evidence was held not objectionable on the ground that the law implied a reservation and that the parol evidence merely showed what the law implied without the parol evidence. In Wright v. Willis there had been a change of the location of a passway by parol and it was simply held that after the parol agreement had been carried into effect and was fully executed the defendant could not keep the fruits of the agreement and not live up to it.

It remains to determine if the law implied a reservation of this passway although not reserved in the deed. The rule on this subject is thus stated in McGurn v. L. & N. Railroad Company, 177 Ky. 835:

"In view of the rule that a grant is taken more strongly against the grantor and if he intends to reserve any right over the tenement granted, it is his duty to reserve it expressly in the grant the authorities recognize a distinction between an implied grant and an implied reservation, and hold that where there is a grant of land with full covenants of warranty, and without express reservation of easement, there can be no reservation by implication, unless the easement is strictly necessary, the term 'necessary' meaning that there can be no other reasonable mode of enjoying the dominant tenement without the easement. 9 R. C. L., p. 765, section 28; Lebus v. Boston, 107 Ky. 98, 51 S. W. 609, 52 S. W. 956, 92 A. S. R. 333, 47 L. R. A. 79. Under this rule there would be no implied reservation of the existing roadway, but only of a way that was absolutely necessary to enable plaintiff to have an outlet from her remaining land to the public road."

While the road from appellant's land to the turnpike is by no means a good road it is a road by which he can reach the county seat and all other places to which he must go in discharge of his duties as a citizen. The question of necessity was heard fully in the circuit court, and this court does not disturb the judgment of the circuit court on the facts where the proof fairly leaves the mind in doubt. The proof does show a practical necessity for the outlet in controversy, but it does not show an absolute necessity for it, and as there is no implied reservation except in the case of strictest necessity the judgment of the circuit court on the facts cannot be disturbed.

The judgment is affirmed.