## Treadway v. Lehman.

(Decided January 26, 1926.)

### Appeal from Woodford Circuit Court.

Appeal and Error—Chancellor's Findings on Conflicting Evidence Not Disturbed.—Findings of chancellor that oil lease, and note given in consideration thereof, were obtained by lessor by fraud and misrepresentation will not be disturbed, where evidence was conflicting and left mind in doubt.

GOURLEY & GOURLEY for appellant.

JOHN D. CARROLL and JOHN S. CARROLL for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Treadway, sued appellee, Lehman, in the Woodford circuit court on a note for $1,050.00, dated July 2, 1921, given in part consideration for an oil lease upon lands in Lee county. Lehman by answer denied his liability upon the note, and by counterclaim pleaded

it was obtained by fraud and misrepresentation on the part of Treadway and his agents, in that the oil lease for which it was given was represented to contain 125 acres when in truth and fact it contained only about sixty (60) acres; and further, that Treadway represented to Lehman at the time of the making of the lease and before that three oil wells had been drilled upon the premises and that oil had been found in each of them, rising about 700 feet in each well, all of which was false and untrue and known by Treadway to be so at the time he made such representations to appellee, but appellee relying upon the statements and representations purchased the lease, agreeing to pay $2,250.00 for it and actually paying down $1,000.00 in cash and executing the note in question for $1,250.00 which was later renewed after partial payment for $1,050.00. The averments of the counterclaim were traversed by reply. The parties then took proof. The evidence for appellant, Treadway, was to the effect that he had leased his farm of 125 acres in Lee county to appellee, Lehman, receiving $1,000.00 in cash and the note for $1,050.00; that Lehman agreed to begin a well on the premises within three months or in default thereof pay Treadway the sum of $100.00 for each three months delay; that pursuant to that clause of the contract Lehman paid Treadway two installments of $100.00 each; that Lehman had examined the lease and the wells before he entered into the contract, but that appellant did not represent to him that he knew that the oil wells on the place, which had been drilled by another company, contained oil or were oil producers but only stated to Lehman that the drillers who sank the wells had told him that the wells were oil producers and that oil rose in the wells on their completion to the depth of 700 or 800 feet, and made it plain to Lehman that what he was telling him was only a repetition of what he had been told by others. In this he was supported by the evidence of one Robey, who, he says, was his agent in finding a lessee for the premises and who in fact found appellee, Lehman, and induced him to enter into the contract out of which the note in litigation arose. The evidence for appellee, Lehman, in substance proved that he first heard about the lease through Robey, the agent of appellant, Treadway, who told appellee about the lease, and also represented to appellee that three wells had been drilled upon the lease by another company; that the wells were producers, having been drilled 700 or 800 feet deep, on the completion of

which the oil rose therein to a great depth; that appellee went to see the lease and after examining it and talking with appellant, Treadway, and learning from him, as he says, that the lease was an oil producer and that the wells theretofore drilled on the lease had filled up with oil, relying upon the statements and representations of Treadway and his agent, Robey, entered into the contract out of which the note sued on arose, and executed the note in suit and paid the money mentioned in the petition and answer in reliance upon the truth of the representations made by Treadway and his agent Robey, and that but for such representations he would not have entered into the contract or executed the note. Appellee called several witnesses to support his testimony. The court entered judgment in favor of Lehman, holding the lease was procured by fraud and misrepresentation and adjudging the petition dismissed, and the lease and note sued on cancelled, and further adjudging the repayment by appellant, Treadway, to appellee of the sum of $1,000.00 paid at the time of the execution of the lease, and of the two additional sums of $100.00 paid respectively on July 1st and October 1st, 1921, and cost. From this judgment Treadway appeals.

From what has been said it is manifest that a correct solution of the questions depends upon the evidence and that the whole question is largely one of fact. Appellee, Lehman, in his answer and counterclaim alleged facts sufficient to void the note and lease contract for fraud and misrepresentations on the part of Treadway, and his evidence fully supports the averments of his pleading. True, the evidence for appellant, Treadway, contradicts that of appellee and tends to show that the lease and note were not induced by fraud or misrepresentation on his part but were the result of negotiations instituted and prosecuted largely by appellee, Lehman. The chancellor saw and heard the witnesses, and after appraising their credibility reached the conclusion that Treadway by misrepresentations and fraud had misled appellee, Lehman, and induced the execution of the contract and note. The evidence is conflicting and when read without any knowledge of the credibility of the witnesses leaves the mind in doubt. In such case it is our rule to rely upon the finding of the chancellor. Invoking that rule the judgment must be and is affirmed.