## Collins' Executors, et al. v. Bonner.

(Decided May 24, 1927.)

### Appeal from Trigg Circuit Court.

1. Judgment.—On petition under Civil Code of Practice, section 518, subsection 7, to have judgment set aside, evidence held to support chancellor's finding that judgment debtor who had meritorious defense was prevented from appearing or defending original suit on account of physical and mental weakness constituting unavoidable casualty or misfortune.

2. Judgment.—One seeking relief from judgment obtained against him through unavoidable casualty or misfortune, under Civil Code of Practice, section 518, subsection 7, must set out in verified petition defense which he has and facts showing unavoidable casualty or misfortune relied on.

3. Appeal and Error.—Conclusions of chancellor are given weight by Court of Appeals.

4. Judgment.—Party against whom judgment has been taken cannot avoid it by showing good defense, unless he can come within provision of Code which permits direct attack on judgment after time has elapsed for obtaining relief by ordinary pleadings and proceedings.

G. P. THOMAS for appellants.

UTLEY & UTLEY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellee filed her petition in the Trigg circuit court making a direct attack on a judgment which had

been obtained against her in that court by R. L. Collins for $1,500. The judgment was obtained on a note executed by N. T. Gray to said Collins on the 18th day of January, 1920. The note was signed by Gray as principal, and by C. E. Gray, M. E. Hendricks, and appellee as sureties, as it appears from the pleadings and proof in this action. The suit in which Collins obtained the judgment was filed on the 14th day of February, 1923. Summons was executed on all of the defendants, and no answer was filed by any of them. The judgment was entered on the 29th day of May, 1923. A mortgage had been executed by N. T. Gray to secure the payment of the note, and the property covered by the mortgage was sold and the sum of $450 realized from its sale, which was credited on the judgment.

The appellee lived in Lyon county about eight miles from Eddyville. Collins, who has since died, as well as N. T. Gray, lived at Rockcastle in Trigg county. After judgment was obtained in the Trigg circuit court an execution was issued against appellee and sent to Lyon county. There was a return of "no property found," and suit was instituted in the Lyon circuit court for the discovery of property which it was claimed she owned subject to the execution. After the suit was instituted in the Lyon circuit court appellee instituted this action in the Trigg circuit court under the provisions of section 518 of the Civil Code. She alleged in her petition that she had valid defenses to the action, one of which was that she did not sign the note and authorized no one in writing to sign it for her, and that as she was a surety she was not bound on the note. Another defense which she alleged that she could have made to the note if she had known about it and had not been prevented from filing answer by unavoidable casualty or misfortune was that the note executed to Collins was to cover losses of N. T. Gray to Collins in a game of chance. The evidence in the case establishes that she could have produced substantial evidence tending to support these defenses if they had been interposed in the original suit.

The only question in this case is whether appellee was prevented from appearing or defending in the original suit on account of unavoidable casualty or misfortune. It is her contention that she failed to appear and answer because of her deblilitated and enfeebled physical, mental, and nervous condition, which condition as

she contended was brought about by a series of distressing experiences. Her husband had died some years before as the result of an attack of influenza; her husband's mother, after a lingering illness, had died at the home of appellee some time prior to the institution of the suit by Collins; her father had also died at her home after a lingering illness which had required her most careful attention to him; there had been much serious illness in her family, and she herself had three attacks of influenza which had left her in an enfeebled condition both physically and mentally.

At the time summons was served on her in the original action some of her children were grown and capable of advising her and looking after business. It is shown that she had executed a deed to her children after the summons had been placed in the hands of the sheriff of her county, but before it was executed on her. It was shown that she had made a trip from her home to Bowling Green on account of the illness of her little grandchild, whose parents resided there. It was testified that her health had been growing worse continuously for many years, but she was able to appear at the trial and testify intelligently. It is also shown by the evidence that when the suit was filed in the Lyon circuit court seeking to coerce the payment of the judgment, an answer was filed for her in which it was alleged that she did not make a defense to the original action in Trigg county because she sought the advice of an attorney who told her that the note was void because it was executed in satisfaction of a gaming debt. This allegation in her answer was afterwards withdrawn, and one of her attorneys testified that the information which was the basis of the allegation did not come from appellee.

On the other hand, it is testified by many of the leading citizens in her county that her health had been very bad and was very bad at the time the summons in the original action was executed on her, and many of them expressed the opinion that she was not competent to look after her business at the time. There is no doubt that the health of appellee was bad and that she was despondent as a result thereof.

Section 518 of the Civil Code, subsection 7, was enacted for the purpose of affording relief to those who by unavoidable casualty or misfortune had been prevented from appearing and defending in a suit against them. It

is always essential, when relief is sought on this ground, for the one seeking the relief to set out in his verified petition the defense which he has to the suit and the facts showing the unavoidable casualty or misfortune relied on. Chicago Life Insurance Co. v. Robertson, 147 Ky. 62, 143 S. W. 740.

In the cited case the court said that this provision of the Code was intended to furnish a remedy whereby injustice and wrong might be prevented in the course of a judicial proceeding, and the court said that it should be made broad enough to embrace every state of case in which injustice would be done except for the remedy which it affords.

In the case of French v. Eversole, 32 S. W. 211, 17 Ky. Law Rep. 617, this court held that the provision of the Code was available to a defendant when he could show that he was too sick to attend the trial, and that but for such sickness he would have attended, and when he could also show that he had a good defense to the action.

Appellee relies on the case of Baker v. Owensboro Savings Bank & Trust Company's Receiver, 140 Ky. 121, 130 S. W. 969. In that case judgment was obtained by default in June, 1908, and execution was issued and placed in the hands of the sheriff. On September 24, 1908, one of the defendants in the original action filed her petition for a new trial under the provisions of section 518 of the Civil Code. She alleged that she had a good defense to the action in that she signed the note as surety when no portion of her estate had been set apart by deed or mortgage or other conveyance for the purpose of securing the debt. She alleged that the reason she did not make defense to the original action was on account of illness which rendered her incapable of properly attending to her business and which prevented her from attending the court and making defense. The lower court sustained a demurrer to her petition, but this court reversed the judgment. In reversing the case this court held that the processes of court must be respected and that when a party is sued he must, when able, take steps to prepare for and make his defense, but it was further held that if he was incapacitated by sickness to make any preparation for his defense or to make his defense to the action, and as a matter of fact he was incapable of at-

tending to any business, the trial court should not hesitate to vacate the judgment and grant a new trial on account of unavoidable casualty or misfortune which prevented him from appearing and defending.

We have examined the evidence in this case with particularity. It does not entirely satisfy us that appellee was incapable of looking after her business at the time the summons was executed on her or that she may not have interposed her defenses in the original action. The chancellor who heard this case, however, knew the parties and the witnesses as well as the surrounding circumstances, and he was more capable of giving just and proper effect to the evidence than we are. His conclusions have weight. His written opinion in the case clearly discloses that the evidence of the witnesses convinced him that appellee was incapable of attending to any business and that it was solely on account of her illness and enfeebled condition that prevented her attending court or making defense when the original action was pending against her. As we have said, the evidence in the case does not seem to us, when taken as a whole, to measure up to the requirements of this court unless more weight is given to the evidence of some of the witnesses than to others. The chancellor, knowing the witnesses, was so situated that he might do that, and for that reason we are unwilling to say that his decision is not supported by the evidence. A party cannot be heard to complain because he had a good defense to an action and failed to avail himself of it, unless he can bring himself squarely within some provision of the Code which allows him to make a direct attack on the judgment after it is too late for him to obtain relief under the provisions of the Code governing ordinary pleadings and proceedings in an action. The fact that he has a perfect defense does not afford grounds for relief unless he can bring himself within some provision of the Code which will enable him to obtain the relief he was entitled to in the first place. After he had an opportunity to have his day in court it is too late for him to complain thereafter.

The judgment of the chancellor as clearly expressed in his written opinion turns the scale in favor of appellee in this case, because without the weight given to his judgment we would hardly find in the evidence facts sufficient to justify his sustaining the contention of appellee that she was prevented by casualty or misfortune from mak-

ing her defense in the original action. This court has always given weight to the judgment of the chancellor. Conrad v. George Smith and Daisy Smith, 203 Ky. 171, 261 S. W. 1103.

The judgment is affirmed.