## Spears, et al. v. Howell.

(Decided, December 16, 1927.)

### Appeal from Floyd Circuit Court.

1. Appeal and Error.—Judgment of chancellor will not be disturbed on appeal, where reviewing court, on consideration of entire record, cannot say with reasonable certainty that chancellor erred in his conclusions.

2. Appeal and Error.—In action to quiet title, finding of chancellor that deed by which deceased's surviving widow conveyed to her daughter any interest retained by widow under prior division deed, executed by widow and other children of deceased, was forgery, held not clearly against evidence.

3. Appeal and Error.—Chancellor's finding, in action to quiet title, that deed from defendant's grantee to plaintiffs was forged, held erroneous as against evidence, requiring reversal of judgment canceling deed based thereon.

4. Partition.—Division deed to deceased's farm from widow and other children to daughter, providing that grantee "binds herself to pay her mother . . . 25 bushels of corn per year so long as she (her mother) lives," otherwise deed to become null and void, and that "widow is to have house and lot her lifetime," held not to create life estate in widow in property conveyed.

5. Cancellation of Instruments.—Where the widow and deceased's other children conveyed deceased's farm land to daughter, reserving to widow right to house and lot, and 25 bushels of corn during her lifetime, and widow subsequently conveyed interest reserved to her daughter, cancellation, in action to quiet title, of the subsequent deed as forgery merely restored widow's rights as reserved under the former deed, and did not create life estate in her to entire tract.

PICKLESIMER & STEELE and JAMES & HOBSON for appellants.

W. P. MAYO and J. WOODFORD HOWARD for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

Jeff Howell died intestate in Floyd county, Ky., the owner of a considerable amount of real estate, consisting of farm lands located in that county. He was survived by a wife and several children. After his death, his wife and children, all of whom were over 21 years of age and sui juris, agreed upon a division of his lands, and carried it into effect by exchanging deeds of conveyance. Dollie Howell, who afterwards married Ballard Spears, was one of his children, and the deed to her which conveyed her interest in her father's land under the agreement was executed January 26, 1916. That deed contained this provision:

"Second party (Dolly Howell) binds herself to pay her mother, the widow of Jeff Howell, 25 bushels of corn per year so long as she (her mother) lives. If party of second part should fail to pay the said 25 bushels of corn, this deed is to become null and void. Also widow is to have house and lot her lifetime."

That deed was immediately recorded, and Dollie went into possession. On December 14, 1921, there was lodged for record in the clerk's office a deed dated November 23, 1921, which was recorded December 30, 1921, by which appellee, Valarie Howell, the surviving widow of Jeff Howell, purported to convey to her daughter, Dollie Howell, all of the interest acquired by her under the clause quoted from the deed above in the land conveyed by it to Dollie Howell. On the 19th of June, 1924, there was lodged for record in the clerk's office a deed, which was recorded four days later, by which Dollie Spears and her husband, Ballard Spears, purported to convey the tract of land in question in fee-simple title to appellants, W. M. and Laura Spears.

The certificate of the notary public who took their acknowledgment to this last deed certified that it was acknowledged by them on the 7th day of January, 1924. Dollie Howell died some time later in the year 1924, and in April, 1925, this action was instituted by appellants, W. M. and Laura Spears, against appellee, Valarie Howell, in which they alleged that she was giving it out in speech that the deed on record from her to her daughter,

Dollie Spears, and the deed from her daughter, Dollie Spears, and her husband, to them, were forgeries, and that she still owned the interest in the land conveyed to her upon the division of her husand's estate. They alleged that these statements were false, and that her claims constituted a cloud on their title. They sought to have it adjudged that they owned the tract of land and to have their title quieted of her claims.

Appellee joined issue with them, and pleaded that the deed on record from her to her daughter, Dollie Spears, and that from Dollie Spears and Ballard Spears to appellants, W. M. and Laura Spears, were forgeries, and she sought to have them canceled. She further pleaded that she had not been furnished 25 bushels of corn per year, and had been deprived of the use of the dwelling house on the tract of land in question, and that, by reason of those facts, the title of Dollie Spears in the tract of land in question had failed, and she (Valarie Howell) had succeeded to the title thereof, and she prayed for relief accordingly. The chancellor adjudged that the two deeds in question be canceled, and that appellants took no interest in the land in question thereby. It was further adjudged that appellee, Valarie Howell, was the owner of a life estate in the tract of land in question, and was entitled to immediate possession thereof, free of any claims of appellants. This appeal is from that judgment.

This court encounters considerable difficulty in upholding the judgment of the chancellor canceling the deed of November 23, 1921, by which appellee conveyed to her daughter, Dollie Howell, such interest in the tract of land in question as she had acquired by virtue of the clause above quoted from the deed of January 26, 1916. After the date of that deed, appellee appears to have lived in the home with her daughter, Dollie Spears, and her husband, Ballard Spears, on a tract of land other than that in question, and continued to live there with them until her daughter died in 1924. During that time the land in question was in the full possession of Dollie Spears and her husband, who leased it to tenants and appropriated to their own use its rents. During that time appellee did not collect from them the yearly quota of 25 bushels of corn, and did not occupy the "house and lot" which constituted a part of this tract of land.

Appellee's denial that she signed and acknowledged the deed by which she conveyed her interest to her

daughter was exceedingly general in its terms. She was asked: "After the deed was made to you for your interest in your husband's estate, tell the court whether or not you ever conveyed that interest to any one." And answered: "Never did." And was further asked: "Did you ever make your mark to a deed signing away this land?" And answered: "No; I never thought of such a thing." Futher than that she at no place in her testimony denied having signed and acknowledged the particular deed which she sought to have canceled, and which by her pleadings she charged was a forgery. However, she appears to be unable to read or write. Her acknowledgment appears to have been taken by Ballard Spears, husband of the party grantee in the deed, and her mark by which she signed the deed was witnessed by Ballard Spears and one of his brothers. The facts and circumstances appearing in evidence tending to establish that appellee did not in fact sign and acknowledge the deed by which she conveyed to her daughter such interest as she had in the land in question need not be set forth at length herein. It is sufficient to say of it that, upon a consideration of the entire record, the mind is left in such doubt that it cannot be said with reasonable certainty that the chancellor erred in concluding and adjudging that appellee did not sign and acknowledge that deed. In that state of case it has been uniformly written by this court that the judgment of the chancellor will not be disturbed.

The same thing, however, cannot be said with reference to the judgment of the chancellor canceling the deed from Dollie Spears and her husband, Ballard Spears, to appellants, W. M. and Laura Spears. Several witnesses who testified that they were present when that deed was signed and acknowledged testified that it was signed by Dollie Spears and Ballard Spears, and that they both acknowledged it. Ballard Spears himself so testified. Dolly Spears could read and write, and she signed the deed in question by subscribing her name to it not by making her mark. There is not a syllable of testimony in the record to the effect that her signature to the deed in question is not genuine. In view of these facts, this court is constrained to the conclusion that the judgment of the chancellor canceling the deed from Dollie and Ballard Spears to appellants, W. M. and Laura Spears, is erroneous, and must be reversed.

The judgment of the chancellor is erroneous also as to the effect that must be given to the cancellation of the deed from appellee to her daughter, Dollie Spears. Under the deed by which the surviving widow and other children of Jeff Howell conveyed the tract of land in question to Dollie Spears, then Dollie Howell, the title vested in Dollie, charged with the payment of 25 bushels of corn annually to appellee, and subject to the right of appellee to occupy the "house and lot" located on that tract of land. That deed did not create for, or grant to, appellee, Valarie Howell, an estate for life in the tract of land conveyed by it to Dollie. As long as her daughter lived, appellee of her own volition lived in a home other than the one reserved to her on the Dollie Howell tract of land; and during all of that time acquiesced in and raised no question about her daughter failing to account to her annually for the 25 bushels of corn. Canceling and declaring void the deed by which she purported to convey unto her daughter, Dollie, such interest as she had in the tract of land could certainly have no greater effect than to restore to her the right which the deed to Dollie reserved or created for her; that is, the right to receive 25 bushels of corn annually, and to occupy the "house and lot" on that tract of land. It certainly cannot be said to have created in her an estate for life in the entire tract of land.

For the reasons indicated, the judgment herein is reversed, and the cause remanded, with direction that a judgment in conformity herewith be entered.