## Holcomb v. Potter.

(Decided January 31, 1928.)

Appeal from Jackson Circuit Court.

1. Boundaries.—Evidence held to support chancellor's finding that boundary between parties' farms was well-defined, marked line, claimed by defendant, which had been undisturbed for years before plaintiff purchased his land.

2. Boundaries.—In boundary suit, Court of Appeals will give weight to fact findings by chancellor, who knows witnesses, and his judgment stands, unless it is against weight of evidence.

3. Appeal and Error.—Where evidence in equitable action is conflicting, and mind is left in doubt on consideration of whole case, chancellor's finding will not be disturbed.

J. R. LLEWELLYN for appellant.

HECTOR JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The parties to this appeal are adjoining landowners in Jackson county, and the dispute arises over the location of the boundary line between their farms. The boundary in dispute is triangular in shape, and contains less than two acres. The controversy arises over the beginning point of the boundary line. Originally the lands of both parties belonged to James Short, and it appears that, prior to 1893, he gave his son, Andrew Short, the property now owned by appellant, and marked the boundary thereof. No deed, however, was made to Andrew Short, and, when he sold the property to Thomas Bowles, a deed was made by James Short and wife to Thomas Bowles, dated August 29, 1893. The land conveyed by that deed was described as follows:

"A certain tract or boundary of land being the same piece of land the party of the first part gave to his son, Andrew Short, and being the place where the party of the first part now lives situated in Jackson county, Ky., on the head waters of Indian creek and bounded as follows, viz.:

"Beginning at a black oak on the original line and on the south side of the branch; then running to a marked spotted oak; then to a marked pine on top of the hill; then to a hickory near the old road and in the line of the original tract; then with the original line of the whole tract around to the beginning, supposed to be about twenty acres, more or less."

Thomas Bowles and wife in turn conveyed the land by the same description to John H. Morris by deed dated February 25, 1895. The appellant, Allen Holcomb, acquired the same boundary by the same description from the heirs of John H. Morris on December 9, 1916.

The appellee, Marion Potter, acquired his land from S. E. Welch and wife, by deed dated February 15, 1906. Welch had acquired it from James Short and wife on

January 24, 1905.  The description of appellee's land is as follows:

"Situated on the waters of Pigeon Roost creek of Indian creek and bounded as follows, to wit:

"Beginning at a stake in the old line, then running up the branch to John Morris's line; thence with said line across to another old line; thence with that line to W. H. Clark's line; thence with Clark's said line back ot the beginning."

The John Morris line mentioned in that description is the same line called for in appellant's deed from the beginning black oak to a marked pine on the top of a hill. Under his deed, Potter occupied the land to the line fixed by the judgment in this case.

There is testimony that the line as claimed by appellee is a well-defined, marked line, and has been such for more than 20 years.

The appellant introduced a number of witnesses who testified that the beginning corner mentioned in his deed as a black oak was shown to them by Short, and was located on the old original line, some distance from the point claimed by the appellee as the corner. The location of this one call is the cause of this controversy, and it is a pure question of fact. The line as claimed by the appellant is not a marked line, except by some paint and a fence, both of which the appellant himself states that he lately placed there. The old line had been undisturbed for years before appellant bought the land. After he acquired his land, the controversy arose, and has been kept up somewhat intermittently, until it was settled by the judgment in this case. The testimony is conflicting, but a careful reading of the record has convinced us that the chancellor committed no error. It is our rule in cases of this kind to give weight to the finding of the facts by the chancellor, who knows the witnesses, and, unless it is against the weight of the evidence, his judgment stands.

Where the evidence in an equitable action is conflicting, and, upon consideration of the whole case, the mind is left in doubt, the finding of the chancellor will not be disturbed. Smith v. Rader, 157 Ky. 178, 162 S. W. 799; Cummings v. Watson, 182 Ky. 56, 206 S. W. 21. That salutary rule should be applied here, as the evidence supports the judgment of the circuit court.

It is to be regretted that these elderly men, living on adjacent lands, could not amicably adjust their differences over this small strip of rough land, which probably has no great value to either. But, having appealed to the court to settle the matter for them, and the chancellor having afforded the controversy peaceful sepulture by his decree establishing an ancient, well-marked boundary line between these neighbors, they must be content, as we are not persuaded to roll away the stone with which he has sealed its tomb.

Judgment affirmed.