## Byers v. Sherrill et al.

(Decided April 28, 1933.)

W. MIKE OLIVER for appellant.

GARDNER & McDONALD for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

The appellees Sherrill, Wilson, and Pryor sold at auction some mules. Appellant, Henry Byers, bought at the sale a pair of mules for $345. In this action, brought by the appellees against him for the price, he pleaded as a counterclaim that appellees' agent guaranteed the mules 'to be sound, good working mules, and to work anywhere. He prayed damages for the breach of the warranty. The appellees denied that there was any guaranty of the mules, and also pleaded that the matter had been settled between the parties. The circuit court dismised the counterclaim, and Byers appeals.

The proof on the trial was very conflicting. Byers proved by himself and several others that the guaranty was made as pleaded by him. On the other hand, the defendant proved by its agent and by several other witnesses that he made no guaranty, and that it was distinctly announced that the buyer took the mules without any guaranty. One of the mules was running at the nose and had other symptoms showing that it was suffering from a cold or shipping fever. The sale was made on Saturday. The sick mule died the following Sunday night, and on the next day Byers came to appellee's place of business, reported the death of the mule, and wanted the contract rescinded. There was some discussion as to whether there was any guaranty or not; appellees maintaining 'that there was none, but appellee Pryor agreed as a settlement of the dispute and to have no trouble to let Byers have another mule in the place of the one 'that had died, and thereupon three mules were brought out. Byers picked the one he wanted, and, as appellant proved by its agent and by three other witnesses, accepted 'that mule in full settlement of his claim. He testified that he did not agree to this, but took this mule as he had taken the others under the guaranty that it would work and the agreement that he would have thirty days to try the second mule, and that this mule would not work, and within thirty days he returned the mules.

The case turns simply on a question of fact, and rests in the end on the credibility of the witnesses. The action was brought in equity, and was submitted to the court on the law and the facts. Affirming the judgment of the chancellor in a like case, Collins' Executors v. Bonner, 220 Ky. 216, 294 S. W. 1027, 1028, the court said:

"The chancellor who heard this case, however, knew the parties and the witnesses as well as the surrounding circumstances, and he was more capable of giving just and proper effect to the evidence than we are. His conclusions have weight."

To the same effect, see Kessler v. Liberty Insurance Bank, 244 Ky. 73, 50 S. W. (2d) 43.

The rule is well settled that this court will not reverse the judgment of the chancellor on the facts where the evidence is conflicting and on the whole case the mind is left in doubt. Flener v. Lawrence, 187 Ky. 384, 220 S. W. 1041; Treadway v. Lehman, 212 Ky. 605, 279 S. W. 983; Spears v. Howell, 222 Ky. 373, 300 S. W. 878; Holcomb v. Potter, 222 Ky. 798, 2 S. W. (2d) 642; Rankin v. Potter, 243 Ky. 784, 49 S. W. (2d) 1018, and cases cited.

The judgment of the chancellor is clearly not against the weight of the evidence on the ground that Byers accepted the second mule in settlement of the claim.

Judgment affirmed.