## Lincoln Bank & Trust Co. v. Cross et al.

(Decided Jan. 29, 1935.)

J. H. GOLD for appellant.

C. MAXWELL BROWN for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant, Lincoln Bank & Trust Company, brought this suit in the Jefferson circuit court to set aside a deed of conveyance of appellee H. J. Cross to his wife, Bessie M. Cross, to certain real estate in the city of Louisville, and to subject the property to the payment of the balance on a note of $2,000, which it alleged appellee owed it at the time of the conveyance, and alleged that the conveyance was a voluntary one and made with intent to defeat the collection of the note.

Appellee filed answer, denying any indebtedness to appellant, and denying that the conveyance was made with intent to defraud, hinder, or delay his creditors.

He admits, however, that he signed the note as a co-maker with J. R. McDaniel and W. A. Fennell, but alleged that he was induced to do so by the fraudulent misrepresentations of the officers and agents of the appellant bank, and that, after the note had matured and before he learned of the fraud practiced on him by appellant, he paid the sum of $711.43 on the note in full settlement thereof, with the agreement and understanding that he would be, and was, thereby released from further liability thereon. He made this a counterclaim against the bank, and asked to recover of it the sum so paid.

By subsequent pleadings, the issues were made and evidence taken, and the chancellor found that the evidence was sufficient to sustain appellee's plea of settlement, and entered judgment dismissing appellant's petition, and also dismissed appellee's counterclaim and cross-petition, and from that judgment the bank has prosecuted this appeal, but appellee does not prosecute any cross-appeal.

As the case will be determined upon the issue of settlement as found by the chancellor, it becomes unnecessary to discuss the issue of fraud.

The evidence conduces to show that, after the maturity of the note, appellee was disputing with apellant his liability thereon, and certain officers and representatives of the bank, together with Cross, had a meeting at the office of Mr. Dale, who was attorney for appellant, for the purpose of discussing the controversy, and it was at this time and place that appellee paid the $711.43 on the note. In the meantime, after the maturity of the note, and, as claimed by the appellee, before he had learned of the alleged fraud, he had attempted further to secure the note by giving his personal note and pledging a certain insurance policy. McDaniel and Fennell were insolvent, and appellee was the only solvent maker of the note. Upon payment by the appellee of the $711.43, the representatives of appellant surrendered to him his collateral note, and some time thereafter it surrendered to him his insurance policy, and, according to appellee's testimony, it was agreed that the sum paid ($711.43) was in full satisfaction of his liability on the note, and he was released therefrom. He also said that he asked them to make some writing or memorandum on the note to show that he was re-

leased therefrom, and they said they could not do that, because it might void the entire note. The surrender of the collateral as claimed by appellee is not disputed. This transaction took place in February, 1928, and the deed in question was not executed until in January, 1931. Appellee testified that during all this time appellant had not made any demands on him for further payment of the note or mentioned it to him in any manner whatsoever.

Mr. Dale, attorney for appellant, died in 1928, and we do not have his version of the transaction. Other employees of the appellant bank testified that they were present at the meeting when appellee made the payment on the note mentioned above, and denied that it was agreed that this payment was in full satisfaction of appellee's liability on the note, but, to the contrary, it was understood that this was to be only a credit on the note, and appellee's responsibility for the remainder was to continue.

It is not denied that a bona fide dispute of a liability is sufficient to support a compromise for less than the full amount, but appellant contends that appellee had no bona fide dispute sufficient to support the alleged compromise. The chancellor, in a written opinion filed with the record, stated in substance that appellee had a bona fide dispute and that he believed the bank compromised, as claimed by the appellee, and further said the chancellor:

"* * * The undisputed evidence shows it turned loose some of Cross' collateral. In turning loose this collateral, the bank either compromised or was guilty of bad banking. I think it compromised. As Cross had a colorable defense to the whole note, I think there was consideration for this compromise."

Without entering into a detailed resume of the evidence, it is sufficient to say that, upon examination of the evidence for ourselves, we have reached the conclusion that it is sufficient to support the finding of the chancellor. It must be conceded that the evidence is indeed conflicting, but we cannot say that the great weight and preponderance of the evidence is on either side. It is such as would leave reasonable minds in doubt.

It is the well-settled rule that this court will judge for itself the sufficiency of evidence to support a finding of fact by a chancellor, and, if it is reasonably clear that such finding is contrary to the weight and preponderance of the evidence, it will be reversed. But a different rule obtains in cases where the evidence is so conflicting and doubtful as to leave reasonable minds in doubt. In such cases, the finding of the chancellor will not be disturbed. Coburn et al. v. Coburn et al., 157 Ky. 849, 164 S. W. 105; Smith v. Rader, 157 Ky. 178, 162 S. W. 799; Potter v. Damron, 150 Ky. 587, 150 S. W. 647; Wathen et al. v. Wathen, 149 Ky. 504, 149 S. W. 902.

The facts disclosed by this record, measured to the authorities herein cited, impel us to the conclusionu that the evidence is sufficient to sustain the finding of the chancellor.

Wherefore the judgment is affirmed.