## Childers et al. v. Turner et al.

(Decided May 21, 1935.)

HIRAM H. OWENS for appellants.

V. A. JORDAN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This action was brought in the Knox circuit court by Alice Childers and her husband, William Childers, against Frank Turner and Elizabeth Turner, his wife, for the reformation of a deed which conveyed a tract of land, known as the Helton farm, to Alice Childers and Elizabeth Turner jointly. They alleged in the petition that Frank Turner induced them to sell their home in Garrard county and move to Knox county with the promise that he would purchase the Helton farm and have it deeded to Alice Childers in fee simple, and that he fraudulently had the deed made to Alice Childers and Elizabeth Turner, his wife, jointly.

In the same action they sought to recover a judgment against Frank Turner in the sum of $4,000. This part of the action was based on their claim that Turner, in September, 1923, stole from them $4,000 in gold. Frank Turner and Alice Childers are brother and sister.

A large amount of proof was taken, and upon the

submission of the case, which was treated as an equitable action, the chancellor dismissed the petition. The plaintiffs appeal only from so much of the judgment as dismissed their claim for $4,000. It is their contention that the proof authorized a judgment in their favor on this phase of the case.

Mrs. Childers lived in Knox county until 1917 when she moved to Garrard county where she had purchased a small tract of land. Mary Turner, mother of Frank Turner and Alice Childers, lived with Mrs. Childers in Garrard county until her death in July, 1924. Frank Turner made frequent visits to the Childers home during the lifetime of his mother. Mrs. Childers testified that he and his wife came to her home in September, 1923, and that a day or two after his arrival, during a rain, his mother requested him to remove some rubbish from a drain near a corner of the house; that in this drain under a large rock she had concealed a fruit jar containing $4,000 in gold which she and her husband had accumulated. She claimed that she kept this gold in or about the house, usually in the basement, but that a few days before the arrival of her brother she had placed it in the drain under the rock. Her brother and his wife returned to their home in Knox county the day after he had moved the rubbish from the drain and a few days later she discovered that the jar containing the gold was missing. She immediately suspected her brother of the theft, but made no charges against him unitl shortly before this action was instituted, nearly ten years later. She testified that her brother rarely visited at her home after the loss of the gold was discovered, although he had been a frequent visitor theretofore. Her mother died about eight months later, and she and her husband continued to live in Garrard county until January, 1928, when they returned to Knox county, as she says, at the earnest solicitation of her brother. Frank Turner purchased the Helton farm for $3,900, and had a one-half interest conveyed to his sister. He and his wife and his sister and her husband moved into the dwelling on the Helton farm and lived together until this action was brought, in 1933. A difficulty arose between them in regard to the rental of the land, and it was then that Mrs. Childers openly charged that her brother had stolen the gold in 1923.

Mrs. Surelda Jane Jones, aunt of Mrs. Childers and Frank Turner, testified that she was visiting at the

Childers home in Garrard county in September, 1923, and heard Mary Turner request her son, Frank Turner, to open up the ditch near the corner of the house because water was collecting in it and seeping into the basement. She stood in the door and saw him get a fruit jar out of the ditch, put it under his arm, go into the house, and put it in his suitcase. She didn't know what was in the jar until she heard later that a jar containing gold had been lost. She did not report to her niece what she had seen until nearly ten years later. Mary Farris, daughter of Mrs. Childers, knew that her mother kept $4,000 in gold in a fruit jar. There were 200 $20 gold coins. She was at her mother's home when her uncle visited there in September, 1923, and saw him come into the house with something under his coat after he had cleaned out the ditch. One or two other witnesses testified that they had seen the gold in the fruit jar.

An effort was made to show that Turner had no money with which to purchase the Helton farm and the deduction is sought to be drawn that he purchased it with the stolen gold and that his desire and willingness to convey the property, or a portion of it, to his sister resulted from a guilty conscience. Turner proved, however, that he owned three farms which he sold for $5,500 shortly before he purchased the Helton farm, and that his wife owned a farm which was sold for $1,000, and the proceeds from the sale of her farm were used in purchasing the Helton farm, and for that reason a joint interest in the farm was conveyed to her. He denied emphatically that he had taken the gold belonging to his sister. A number of witnesses testified that Mrs. Childers stated in their presence that the gold belonged to her mother and that it amounted to $400 or $500 which she had saved for her funeral expenses. There was also proof tending to show that the income of Mr. and Mrs. Childers was exceedingly small, that they were frequent borrowers, and had little opportunity to save such a large sum of money. Mrs. Childers is contradicted by a number of witnesses both as to the amount of the gold and its ownership. It is strange indeed that she should have lived with her brother amicably in the same house for a number of years while harboring a suspicion that he had stolen her savings of a lifetime.

The deduction which appellants seek to draw from

the circumstances detailed by the witnesses introduced by them create, at the most, a conflict in the evidence, but when the whole record is considered the preponderance is on the side of appellees, and it follows that the chancellor's finding based on conflicting testimony should not be disturbed. Baxter v. Davis, 252 Ky. 525, 67 S. W. (2d) 678; Byers v. Sherrill, 248 Ky. 735, 59 S. W. (2d) 982; Gardner v. Hope, 248 Ky. 270, 58 S. W. (2d) 353; Dwiggins v. Howard, 247 Ky. 746, 57 S. W. (2d) 649.

The judgment is affirmed.