## CLARK et ux. v. HENNECKE.

Court of Appeals of Kentucky.

Oct. 24, 1952.

P. H. Vincent, Ashland, for appellants.

Diederich & Lycan, Ashland, for appellee.

STEWART, Justice.

This is an appeal from a decree granting an injunction restraining defendants below, Walter Clark and his wife, Retta Clark, from interfering with plaintiff, Willard Hennecke, in his use of a roadway across the farm of defendants.

Appellants own a farm of 120 acres which borders on East Fork, a creek which is a tributary of the Little Sandy River. They purchased their farm in 1940 and their deed made no mention of a right of way or easement across their land for the benefit of anyone. In 1939, appellee acquired 200 acres of land directly below and contiguous to appellants' farm. Appellee's land is used only for agricultural purposes, and there are no buildings on it. Appellee has only two means of access to his farm, one across the farm of appellants, and the other by fording the East Fork Creek in dry weather.

The question presented on this appeal is purely one of fact; that is, has appellee, through an open, notorious, continuous and adverse use, under claim of right by himself, his servants, his agents and his predecessors in title, over the recognized period of years, acquired a prescriptive right to use a roadway across the land of appellants to his farm?

A study of the evidence reveals numerous irreconcilable conflicts. A detailed recitation of the testimony would extend this opinion to an unreasonable length and would serve no useful purpose. Appellee introduced witnesses who testified there had been a roadway in use across appellants' farm from 1893 down to the present. On the other hand, appellants produced evidence to the effect that since as early as 1914 no roadway has existed across their farm; that, if it did exist, it was abandoned before 1923, which abandonment continued until 1939; that the only persons who have used the roadway have done so with the permission of the various owners of the farm; and that whatever use of a roadway has been made across appellants' farm has not been sufficiently open, notorious and adverse as to indicate to the owners that

such use was being made under a claim of right.

As the evidence in this case is sharply conflicting, much depends upon the credibility of the witnesses. The Chancellor, being on the ground and being acquainted with the parties, is in a better position than are we to determine the weight of the testimony. In such a case where, upon a consideration of the entire record, the mind is left in doubt and we cannot say with reasonable certainty the Chancellor has erred, it is our rule not to disturb his finding. Coburn v. Coburn, 157 Ky. 849, 164 S.W. 105; Smith v. Rader, 157 Ky. 178, 162 S.W. 799; Potter **v.** Damron, 150 Ky. 587, 150 S.W. 647.

Wherefore, the judgment is affirmed.